DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendant Ronald Irey has appealed from his convictions in the Summit County Common Pleas Court for rape, a violation of Section 2907.02(A)(2) of the Ohio Revised Code, and telephone harassment, a violation of Section 2917.21 of the Ohio Revised Code. He has argued that the trial court: (1) incorrectly permitted the parties to voir dire a five-year-old child to determine whether she was competent to be a witness rather than doing so itself; (2) incorrectly determined that the five-year-old child was competent to testify; and (3) incorrectly overruled his motion for a mistrial following a witness's reference to his parole officer. This Court affirms defendant's convictions because: (1) defendant participated in the voir dire of the child witness without objection and, if the procedure used by the trial court constituted error, it did not rise to the level of plain error; (2) the trial court did not err in determining that the child witness was competent to testify; and (3) the trial court cured any prejudice caused defendant by a witness's inadvertent reference to his parol officer by immediately instructing the jury to disregard that reference.
 I.
Defendant allegedly raped a woman named Mary Montgomery on October 3, 1995. In addition, he allegedly placed a number of harassing telephone calls to Ms. Montgomery between October 3, 1995, and October 5, 1995. He was tried before a jury commencing February 29, 1996, convicted, and sentenced to not less than 8 years or more than 25 years imprisonment on the rape charge and to 6 months imprisonment on the telephone harassment charge. He timely appealed to this Court.
 II. A.
Defendant's first assignment of error is that the trial court incorrectly permitted the parties to voir dire a five-year-old child to determine whether she was competent to be a witness rather than doing so itself. Ms. Montgomery's five-year-old niece and four-year-old nephew witnessed the alleged rape. On February 8, 1996, the State notified defendant that it intended to call the children as witnesses at his trial and moved the trial court to hold a hearing on their competency. The trial court scheduled a hearing for February 26, 1996.
The State apparently abandoned its intention to call Ms. Montgomery's nephew as a witness. It did, however, appear before the trial court on February 26, 1996, for a voir dire of her niece. Defendant and his counsel were also present.
At the beginning of the hearing, the State informed the court that it planed to introduce one witness, Ms. Montgomery's niece, "as in regards to competency." The trial court directed the child to the witness chair. The prosecutor than asked the court if it was "[r]eady for me to go ahead," and the court responded: "Go ahead."
The prosecutor proceeded to question the witness without objection by defendant. When the prosecutor had completed her questioning, the trial court asked defendant's counsel if he wanted to ask "some questions on the competency issue only." He responded "[y]es," and proceeded to do so.
At the completion of defendant's questioning of the child, the trial court ruled that she was competent to testify:
 The Court has heard the testimony of [Ms. Montgomery's niece]. I feel that under Competency Rule 601, she's capable of understanding her just impressions of what is around her. She's also able to relate truthfully what she has seen, therefore, the Court will allow this witness to testify at trial.
Defendant did not object to the procedure followed by the trial court.
Although the record does not include any argument by defendant prior to trial that Ms. Montgomery's niece was not competent to be a witness, at the beginning of trial he did, through counsel, say:
 Very briefly, I would also, for the record, move in limine, I guess, to renew my objection to the testimony of the 5 year old, [Ms. Montgomery's niece]. I realize the Court has ruled on that. For the record I would renew my motion on that.
The trial court did not directly address defendant's objection at that time, and defendant did not renew it when the child was called to the stand.
Defendant has cited State v. Wilson (1952), 156 Ohio St. 525, in support of his first assignment of error. Specifically, he has quoted a sentence from the opinion in that case in which the Supreme Court wrote: "When the child is presented in court and the fact is revealed that the age of ten has not been reached, it is the duty of the trial judge to immediately examine the child, without participation or interference of counsel, to determine the child's competency to testify." Id. at 529. Based upon that sentence, he has argued that the trial judge erred by permitting the parties to voir dire the child witness rather than doing so itself.
As noted above, defendant never objected before the trial court to the procedure followed by the trial court. Accordingly, he waived any right to argue on appeal that the trial court's procedure was incorrect, except to the extent that that procedure constituted plain error. See State v. Long (1978), 53 Ohio St.2d 91, paragraphs one and two of the syllabus. This Court will notice plain error only under exceptional circumstances to prevent a manifest miscarriage of justice. Id. at paragraph three of the syllabus.
State v. Wilson involved the use of a deposition of a nine-year-old child. The deposition had been taken outside the presence of the trial court. The Supreme Court emphasized the importance of a child witness actually appearing before the trial court so it can evaluate the child's "appearance, fear or composure, general demeanor and manner of answering, and any indication of coaching or instruction as to answers to be given[.]" Wilson, 156 Ohio St. at 532. Although the Supreme Court did include the sentence relied upon by defendant in its opinion, it provided no explanation of why the trial court should conduct the voir dire itself, nor has defendant suggested a rationale for such a requirement. In State v. Nicholson (November 24, 1982), Hamilton App. No. C-810933, unreported, the Court of Appeals for the First District held that the Supreme Court's decision in Wilson did not require that the trial court voir dire a child witness itself, as long as the voir dire took place in the court's presence. But see State v. Bunch (1989), 62 Ohio App.3d 801,805; State v. McMillan (1989), 62 Ohio App.3d 565, 569;State v. Workman (1984), 14 Ohio App.3d 385, 389. Assuming that the trial court did err by permitting the prosecutor and defendant's counsel to conduct the voir dire in this case, that error did not rise to the level of plain error. Accordingly, defendant's first assignment of error is overruled.
 B.
Defendant's second assignment of error is that the trial court incorrectly determined that the five-year-old child was competent to testify. As mentioned in regard to defendant's first assignment of error, the only time defendant objected to the child's testimony on the record before the trial court was at the commencement of his trial in the form on a motion in limine. This Court will assume without deciding that that objection was sufficient to preserve this issue for appeal.
Rule 601 of the Ohio Rules of Evidence provides generally that all persons are competent to be witnesses, with certain enumerated exceptions. Among those exceptions are "children under ten years of age, who appear incapable of receiving just impressions of the facts and transactions respecting which they are examined, or of relating them truly." In State v. Frazier
(1991), 61 Ohio St.3d 247, 251, the Ohio Supreme Court held that it was the responsibility of a trial judge to determine whether a child of "tender years" was capable of receiving just impressions of facts and events and accurately relating them. The Court set forth five factors that a trial judge must consider in deciding whether such a child is competent to testify:
 (1) the child's ability to receive accurate impressions of fact or to observe acts about which he or she will testify;
 (2) the child's ability to recollect those impressions or observations;
 (3) the child's ability to communicate what was observed;
 (4) the child's understanding of truth and falsity; and
 (5) the child's appreciation of his or her responsibility to be truthful.
Id. at syllabus. Defendant has asserted that the State failed to prove that Ms. Montgomery's niece satisfied the first and fifth factors listed by the Supreme Court in Frazier.
Defendant has asserted that the State failed to prove that the child witness satisfied the first factor listed in Frazier
because she was not questioned during her voir dire regarding the acts about which she would be called to testify at trial. InState v. Cobb (1991), 81 Ohio App.3d 179, 183, this Court held that it is not essential that a child witness be questioned during voir dire regarding the events about which he or she will be called upon to testify at trial:
 [T]he law requires the trial judge to determine the child's ability to perceive, remember, and relate truthfully, those events about which the child is to testify. We find no case law requiring the judge to inquire into the specific testimony to be elicited from the child at trial. In most cases the child will be a competent witness if the child has the intellectual capacity to accurately and truthfully recount events occurring during the same time period as the events about which he is to testify at trial.
In this case, the child witness was asked on voir dire about her previous attendance at kindergarten and about what she had been learning more recently from her mother at home. She testified that she knew who the defendant was and that she had seen him at a house on Rhodes Avenue where she used to live rather than at her then current house on Kingston Place. When questioned by defendant's counsel, she was able to explain that a friend had brought her to court because her mother's car was broken down. Although the evidence on the first factor was not overwhelming, it was sufficient.
Defendant has asserted that the State failed to prove that the child witness satisfied the last factor listed in Frazier
because she was unable to say, in response to questioning by defendant's counsel, what would be the consequences of telling a lie in court. She had, however, demonstrated that she understood the difference between the truth and a lie. She testified that, if she had told a lie at kindergarten, she would have been required to put her head down, and that, if she told a lie at home, she would be sent to bed. In response to questioning by defendant's counsel, she said that it would not be okay to tell a lie, even if her mother and aunt told her it was okay to do so. Despite the fact that she was unable to answer a direct question by defendant's counsel about what would happen to her if she told a lie in court, the evidence was sufficient that she appreciated her responsibility to tell the truth.
The trial court did not err in determining that the child witness was competent to testify. Defendant's second assignment of error is overruled.
 C.
Defendant's third assignment of error is that the trial court incorrectly overruled his motion for a mistrial following a witness's reference to his parole officer. During the State's questioning of one of the police officers who investigated this matter, the following exchange occurred:
 Q. Did you ask him as it relates to you had already heard the tapes, did you ask him as it relates to, first of all, the threats that were on the tapes?
 A. I talked to him again the next day, which was — he was over the phone, while he was in his Parole Officer's office.
[Defendant's Counsel]: Objection, Your Honor.
THE COURT: Sustained.
[Prosecutor]: May we approach?
 THE COURT: Yes. The jury is instructed to disregard that last answer and last question.
Defendant then moved for a mistrial, which the trial court denied. In addition to the above quoted instruction to the jury to disregard the officer's answer, during its charge at the close of the case, the trial court reiterated that the jury was not to consider any statements that they had been ordered to disregard.
It is presumed that a jury will follow a trial court's instruction to disregard an answer that has been stricken.Browning v. State (1929), 120 Ohio St. 62, 72. Absent evidence to rebut that presumption, this Court concludes that defendant was not prejudiced by the officer's inadvertent reference to his parol officer. Defendant's third assignment of error is overruled.
 III.
Defendant's assignments of error are overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this court, directing the County of Summit Common Pleas Court to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
 Exceptions. _______________________________ CLAIR E. DICKINSON
FOR THE COURT
SLABY, P. J.
BAIRD, J.
CONCUR.