JOURNAL ENTRY AND OPINION
Defendant-appellant, Enoch Al-Amin, appeals his conviction in the Cuyahoga County Court of Common Pleas for gross sexual imposition. We affirm the decision of the trial court.
This case arose from allegations that defendant had sexual contact with his girlfriend's four-year-old cousin, Kendre Walker, while at the home of his girlfriend's grandmother and grandfather.
On the evening of November 9, 2000, defendant, Shaunte Walker (defendant's girlfriend), Kendre, Elisha Bell (the child's mother), his girlfriend's uncle, and two cousins were at the grandparent's home. Kendre was in bed. Around 11:00 p.m. that evening, defendant went upstairs. Shortly thereafter, Elisha Bell went upstairs to check on Kendre. Ms. Bell found defendant in Kendre's bedroom. Kendre told her mother that defendant touched her "pee pee." Defendant denied it. Ms. Bell immediately called the police who arrived ten minutes later with EMS. Kendre repeated the story to the police officer and the EMS worker. Kendre later told the same story to Arlene Spenser, a social worker with Children and Family Services.
On November 27, 2000, defendant was indicted on one count of rape in violation of R.C. 2907.02 and one count of gross sexual imposition in violation of R.C. 2907.05. On April 9, 2001, the State dismissed the rape charge. Prior to trial, the trial court allowed the State and defendant to question Kendre concerning her competency to testify, and also asked its own questions of Kendre. At the conclusion of the questioning, the trial court found that Kendre was competent to testify.
At trial, Kendre testified that on the night in question she was asleep at her grandmother's house, in her grandmother's bed. She testified that defendant came into her room and tried to touch her between the legs.
In addition to Kendre, the State called defendant's girlfriend. Ms. Walker testified that defendant told her that he found stool in the bathroom and only went into Kendre's room to wipe her. (Tr. 213-213). Detective Georgia Hussein of the Cleveland Police Department also testified that defendant had made such a comment to her. (Tr. 314).
The State called Ms. Bell, the child's mother. She testified that she had a "bad feeling" about the defendant and followed him after he went upstairs. (Tr. 273, 276). She testified that she went into the bedroom and saw the defendant standing next to Kendre's bed. Kendre was awake and crying. Ms. Bell told the defendant to get out of the room. Ms. Bell testified that Kendre told her that defendant touched her "pee pee hard." Ms. Bell testified that she called 911 and then grabbed a knife because the defendant was following her around screaming that Kendre was lying. Ms. Bell further testified that Kendre had been toilet trained for a long time and that she saw no evidence that Kendre had an accident on the night in question.
The State also called Arlene Spencer, the social worker, who testified that Kendre told her that the defendant had touched her in her "pee pee." Ms. Spencer also testified that she found Kendre to be very bright, able to express herself, and very consistent with her story. (Tr. 235-236).
On April 11, 2001, the jury found defendant guilty on the remaining count of gross sexual imposition in violation of R.C. 2907.05. Defendant made a motion for acquittal under Crim.R. 29(A), which the trial court denied. Defendant was sentenced to three years in prison. Defendant now appeals, raising one assignment of error.
 I. THE TRIAL COURT ABUSED ITS DISCRETION IN HOLDING THAT A FOUR (4) YEAR-OLD CHILD WAS COMPETENT TO TESTIFY AND FURTHER ERRED IN PREVENTING DEFENSE COUNSEL FROM QUESTIONING THE CHILD TO TEST HER COMPETENCE.
In this assignment of error, defendant argues that Kendre was not competent to testify under Evid.R. 601 and the factors set forth in Statev. Frazier (1991), 61 Ohio St.3d 247. Defendant asserts that Kendre could not distinguish between "fantasy and reality," had a "lack of comprehension of basic information" and had a serious lapse in memory capability. Defendant argues that Kendre's testimony did not demonstrate her ability to receive accurate impressions of fact, recollect impressions and observations, communicate her observations, or understand and appreciate a responsibility to be truthful. We disagree.
Ohio Rule of Evidence 601(A) provides:
 Every person is competent to be a witness except: (A) Those of unsound mind, and children under ten years of age, who appear incapable of receiving just impressions of the facts and transactions respecting which they are examined, or of relating them truly.
The trial judge has a duty to conduct a voir dire examination of a child under ten years of age to determine the child's competency to testify. State v. Frazier (1991), 61 Ohio St.3d 247, 250-51. In determining whether a child under ten is competent to testify, the trial court must take into consideration: (1) the child's ability to receive accurate impressions of fact or observe acts about which she will testify; (2) the child's ability to recollect those impressions or observations; (3) the child's ability to communicate what was observed; (4) the child's understanding of truth and falsity; and (5) the child's appreciation of her responsibility to be truthful. Id. at 251. The determination of competency is within the trial judge's sound discretion. Id. Absent a showing of an abuse of discretion, a reviewing court will not disturb the trial court's ruling. State v. Hogan (June 8, 1995), Cuyahoga App. No. 66956, unreported.
During the competency examination, the trial court had the opportunity to observe Kendre respond to questions on direct and cross-examination. The trial court also asked its own questions of Kendre. At the conclusion of the questioning, the trial court found that Kendre was competent. We do not find that the trial court abused its discretion by finding Kendre competent to testify. Although Kendre had difficulty answering some questions, she answered other questions correctly. She stated who her teacher was, what she does in school, her best friend in school, and what she liked to do at school. She testified that she knew her mother's name, and that she has a sister Keneisha who has a brother that is not her brother. She also talked about going to church on Sunday with her mom, but not her sister, and was able to describe what she did at church as well as recite her favorite hymn. Given Kendre's testimony, we cannot say that the trial judge, who actually observed the child, abused her discretion by finding that Kendre could receive, recollect, and communicate just impressions of fact.
The record also shows that Kendre understood the concepts of truth and falsity. On direct examination, Kendre testified that if she took a cookie from a cookie jar and told her mom that she did not take it then it would be a lie, but if she told her mom that she did take it then it would be the truth. Kendre also appreciated the responsibility to be truthful. Responding to a question from the trial judge, Kendre testified that she knew it was a very serious thing to tell the truth in the courtroom. She also promised that she was going to tell the truth. Based on Kendre's testimony during the competency examination, we do not find that the trial court abused its discretion by finding Kendre competent to testify under Evid.R. 601 and the factors set forth in Frazier.
As support for the assertion that Kendre was not capable of receiving, recollecting, or communicating just impressions of fact, defendant points to inconsistencies between Kendre's trial testimony and the trial testimony of other witnesses; i.e. that Kendre testified that her daddy was in the house and her mother testified that he was in Kentucky on the night of the incident. However, it is not the role of the trial judge to determine that everything a child will testify to is accurate, but whether the child has the intellectual capacity to accurately and truthfully recount events. State v. Allen (1990), 69 Ohio App.3d 366,374. Any inconsistencies between Kendre's trial testimony and the testimony of other witnesses relate to her credibility, not her competency. State v. Cobb (1991), 81 Ohio App.3d 179, 183. Kendre's credibility was for the jury's consideration. State v. Allen (1990),69 Ohio App.3d 366, 374; State v. Chamberlain (July 25, 1991), Cuyahoga App. No. 58949, unreported.
Finally, as to defendant's specific claim that his confrontation rights were violated because his counsel was prevented from questioning the victim, we disagree. A defendant is only guaranteed opportunity for cross-examination where substantive trial evidence is given. State v.McMillan (1989), 62 Ohio App.3d 565, 568, citing from Kentucky v.Stincer (1987), 482 U.S. 730. As long as the defendant is given full cross-examination at the time of trial, the defendant's rights are not violated. Id.; see, also, State v. Wynn (Dec. 2, 1999), Cuyahoga App. No. 75281, unreported. Here, after the trial court determined that Kendre was competent to testify, she was subject to full and complete cross-examination, and, in fact, was so examined. Accordingly, defendant's assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANN DYKE, P.J., and FRANK D. CELEBREZZE, JR., J., CONCUR.