[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
This is an appeal by Defendant-Appellant Eddie R. Jones from a judgment of the Court of Common Pleas of Auglaize County entered pursuant to a jury verdict of guilty on two counts of Gross Sexual Imposition in violation of R.C. 2907.05(A)(4). We affirm.
Appellant has two daughters born as issue of his second marriage, Edie Jones and Julie Jones. In the summer of 1996, Edie, then aged 11, and Julie, then aged 13, traveled to Ohio from their home in Florida to visit with Appellant and his eldest daughter Brandy Bailey. Brandy is in her twenties and is a child of Appellant's first marriage. Appellant had not made contact with either Brandy or the younger girls for several years, thus, the half-sisters were not aware of each other until approximately three months before Edie and Julie came to visit. Shortly after Edie and Julie arrived in Ohio they expressed a desire to live with Appellant on a full-time basis. The girls' mother and grandmother approved of the idea. Appellant subsequently enrolled Edie and Julie in school and in August, 1996, he rented a larger apartment to better accommodate himself and the two children.
At that same time Appellant was also experiencing legal troubles. He had been on probation for a prior theft offense and as a condition of his probation the Court of Common Pleas of Auglaize County ordered him to make weekly payments on outstanding fines and court costs. Appellant stopped making the payments after Edie and Julie moved to Ohio. The court subsequently found Appellant in contempt and sentenced him to serve a one-year prison term. However, the court temporarily suspended said sentence and placed Appellant on furlough.
As a condition of the furlough, Appellant was to cooperate with the Auglaize County Children's Services Board (CSB) in order to permit said agency to oversee his living arrangement with Edie and Julie since there had apparently been some concerns over the girls' hygiene and school attendance. From September, 1996 to November of the same year, CBS made 21 contacts with the Jones family. By all accounts, it seemed as though Appellant was attempting to comply with the agency's recommendations.
However, in November, 1996 Julie Jones began to complain that she wanted to move back to Florida with her mother and grandmother. CSB recommended that Appellant keep Julie in Ohio until the agency could gather evidence to be able to confirm or deny its suspicions that the mother worked as a prostitute and was addicted to alcohol and drugs. Appellant chose to ignore CSB's recommendation and allowed Julie to fly back to Florida. Because this action violated the aforementioned furlough conditions, Appellant was arrested on November 15, 1996, and ordered to serve the previously suspended one year prison term. As a result of her father's incarceration, Edie Jones was subsequently placed in foster care with Stephanie and Michael Harris.
During this time, Edie had limited contact with her father through phone calls and letters. In April, 1997, Appellant was released on a sixty-day medical furlough to allow him to obtain proper treatment for an injury. Although a condition of the furlough was that Appellant was not to have any contact with Edie, CSB successfully petitioned the court to establish supervised visitations due to the fact that Edie was having a hard time adjusting to her foster home. As a result, Appellant was able to meet with Edie during the month of April.
In addition to the supervised visitations, CSB also recommended that Edie attend joint counseling sessions with her father while he was out on furlough. The first of these sessions was scheduled for May 1, 1997. However, the meeting never took place because on that same morning Edie disclosed to her foster mother some allegations of sexual abuse by her father. In particular, Edie stated that Appellant had rubbed her vagina on three occasions while she was living with him. Edie told Stephanie that the touching occurred after she had asked Appellant to rub her stomach to relieve a bellyache.
Stephanie Harris immediately reported the disclosure to CSB and a representative of the agency interviewed Edie. Based upon Edie's statements, CSB cancelled the scheduled counseling session and arranged for an interview with Appellant. Appellant denied the allegations. CSB referred the case to the Auglaize County Prosecutor's Office and on June 19, 1997, Appellant was indicted on three counts of gross sexual imposition in violation of R.C.2907.05(A)(4).
On June 24, 1997, Appellant was arraigned on said charges and entered a plea of not guilty. A jury trial was held in November, 1997. At the end of the State's case in chief, counsel for Appellant made a motion for acquittal in accordance with Crim.R. 29. One of the grounds for the motion was that Edie's testimony elicited that the rubbing occurred on only two occasions instead of three, thus, Appellant argued that he was entitled to an acquittal on the third count. The trial court subsequently granted the motion.[1] As to the two remaining counts, the jury returned a verdict of guilty.
On December 5, 1997, the trial court sentenced Appellant to serve a definite prison term of five years on Count I, which would run concurrent with a five year term ordered on Count II. The instant appeal followed.
Appellant asserts the following as his first three assignments of error:
I.
 The trial court erred in denying the Defendant-Appellant's motions for acquittal under Criminal Rule 29(A) which were made at the close of the State's case and after the Defendant-Appellant rested.
 II.
 The verdict of guilty, as to Count [I] of the indictment for the violation of Ohio Revised Code section 2907.05(A)(4) is erroneous because it is against the manifest weight of the evidence and contrary to law. III.
 The verdict of guilty, as to Count [II] of the indictment for the violation of Ohio Revised Code section 2907.05(A)(4) is erroneous because it is against the manifest weight of the evidence and contrary to law.
We will discuss the foregoing assignments of error in conjunction as they raise similar issues for our review.
Crim.R. 29(A) states, in pertinent part:
 The court on motion of a defendant or on its own motion * * * shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses. * * *
In reviewing a claim of insufficient evidence under the foregoing rule, the Supreme Court of Ohio has set forth the following standard:
 An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.
 State v. Jenks (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus.
In applying the Jenks standard to the case sub judice we find that any rational trier of fact could have found that the state proved the essential elements of gross sexual imposition beyond a reasonable doubt.
R.C. 2907.05 states, in relevant part:
 (A) No person shall have sexual contact with another, not the spouse of the offender; cause another to have sexual contact with the offender; * * * when any of the following applies:
 (4) The other person * * * is less than thirteen years of age * * *.
The term "sexual contact" is specifically defined in R.C.2907.01(B) as:
 [A]ny touching of an erogenous zone of another, including without limitation to the thigh, genitals, buttock, pubic region, or, if the person is a female, a breast, for the purpose of sexually arousing or gratifying either person.
Appellant essentially contends that the trial court erred in not granting the motion for acquittal as to the two remaining charges and that the jury verdict was against the manifest weight of the evidence because the State failed to prove that the alleged touching was done for the purpose of sexual arousal or gratification.
In State v. Cutlip (June 28, 1993), Seneca Co. App. 13-93-1, unreported, this Court followed the reasoning of the Ninth District Court of Appeals when it held that "the existence of prurient motivation may be discerned from the type, nature and circumstances of the contact * * *." State v. Uhler (1992),80 Ohio App.3d 113, 123, citing State v. Cobb (1991), 81 Ohio App.3d 179,185.
The evidence adduced against Appellant was that when Edie asked him to rub her stomach to relieve a bellyache, he placed his hand underneath her clothing and began to rub her vagina. The victim stated that this behavior happened on two different occasions while the two were lying on a makeshift bed watching television. Although Appellant argues that the element of sexual arousal or gratification should have been supported by some evidence of how long the touching went on, how much pressure was applied, and whether the Appellant was clothed, we find that it was reasonable for the jury to infer that under the circumstances Appellant did not touch his daughter's vagina for any other purpose than his own sexual arousal or gratification. Therefore, we conclude that the trial court did not err in denying the aforementioned motion for acquittal and that the jury's verdict was not against the manifest weight of the evidence.
Appellant's first, second and third assignments of error are overruled. Appellant asserts the following as his fourth, fifth and sixth assignments of error:
IV.
 The Defendant-Appellant was unconstitutionally deprived of his fundamental interest in liberty based upon a prediction that he will commit some nameless and uncharged future crime.
V.
 The trial court erred when it considered the Defendant-Appellant's conduct to be "more serious" and thereby sentenced him to a prison term not clearly and convincingly supported by the record.
VI.
 The trial court erred when it sentenced the Defendant to the maximum allowable prison term for both felony three gross sexual imposition conviction [sic].
We will discuss the foregoing assignments of error in conjunction as they raise similar issues for our review.
On December 5, 1997, the trial court sentenced Appellant to a five year prison term for Count I. Said term was ordered to run concurrent to the five year prison term imposed for Count II. R.C. 2929.14(A)(3) states that five years is the maximum term allowable for a felony of the third degree, the crime for which Appellant was convicted. Appellant essentially contends that the trial court erred by imposing the maximum penalty.
We note at the outset that "[a] trial court has broad discretion in sentencing a defendant and a reviewing court will not interfere with the sentence unless the trial court abused its discretion." State v. Yontz (1986), 33 Ohio App.3d 342, 343, citing State v. Cable (1985), 24 Ohio App.3d 88, 90. See, also,State v. Williams (1982), 7 Ohio App.3d 160, 162. An abuse of discretion has been defined as more than a mere error in judgment. Rather, in order to find that the trial court abused its discretion, the reviewing court must find that the ruling was "unreasonable, arbitrary or unconscionable." State v. Adams
(1980), 62 Ohio St.2d 151, 157. For the reasons that follow, we find that the trial court did not abuse its discretion. Chapter 2929 of the Revised Code provides courts with certain guidelines for sentencing felony offenders. R.C. 2929.13(C) states, in pertinent part:
 [I]n determining whether to impose a prison term as a sanction for a felony of the third degree * * * the sentencing court shall comply with the purposes and principles of sentencing under section 2929.11 of the Revised Code and with section 2929.12 of the Revised Code.
R.C. 2929.11(A) states, in pertinent part:
 A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing. The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender. * * *
R.C. 2929.12, which is titled "Seriousness and recidivism factors" sets out certain factors that a court is required to consider when determining an appropriate sentence. Said factors include whether the offender has a history of criminal convictions and if so, whether the offender has responded favorably to previously imposed criminal sanctions. Without citing to any relevant case law, Appellant makes a general argument that considering these factors and the liklihood that Appellant will commit future crimes is unconstitutional as it deprives Appellant of a fundamental liberty interest. Since this argument is unsupported by any authority, we find it to be without merit.
We also conclude that a five year term was not an arbitrary, unreasonable or unconscionable decision in this case. As was required, the court considered the numerous factors set forth in R.C. 2929.12 and found that Appellant's criminal history[2], his inability to be rehabilitated, his lack of remorse and the absence of any mitigating factors required a maximum term. In addition, the court considered the age of the victim and the psychological damage that she endured due to the Appellant's conduct. The trial court also found that Appellant committed "one of the worst forms of the offense" because he took advantage of an emotionally vulnerable little girl. Thus, since the trial court carried out the mandate of the aforementioned statutes and did not sentence Appellant outside of the guidelines, we cannot conclude that the decision to impose a five year prison term was an abuse of discretion.
Accordingly, Appellant's fourth, fifth and sixth assignments of error are overruled.
Appellant asserts the following as his seventh assignment of error:
 The trial court committed error by not merging the two (2) counts of gross sexual imposition into one count. It is reversible error for the court to convict the Defendant on multiple counts of similar import contrary to O.R.C. Section 2941.25.
"Issues which are not addressed to the trial court at the time at which they could be remedied will generally not be reviewed on appeal." State v. Cobb (1991), 81 Ohio App.3d 179,182, citing State v. Self (1990), 56 Ohio St.3d 73, 81.
The record in this case establishes that counsel for Appellant failed to make the foregoing argument before, during or after the trial at the sentencing hearing. Indeed, Appellant's counsel made two separate motions for acquittal pursuant to Crim.R. 29 and did not cite the multiple counts statute as a basis for either motion. We therefore find that the issue of merger was waived at the trial level.
Appellant, however, urges us to review the issue based upon the premise that the trial court's failure to merge the two remaining counts of gross sexual imposition constituted plain error.
R.C. 2941.25 states:
 (A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
 (B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.
(Emphasis added.)
Appellant argues that Edie Jones' testimony failed to establish that the touching occurred on two separate occasions, thus, the trial court committed plain error when it allowed the guilty verdicts to stand on both counts. We find this contention to be without merit.
The following portion of the record establishes that the touching occurred on two separate occasions:
 Mrs. Fox: How many times did he go to your pri, — Did he go to your private area? How many different days?
Edie Jones: Just two (2) times.
Furthermore, when later asked on cross examination if the touching all happened in one day, Edie Jones responded that it did not. We therefore find that since the evidence established that the touching occurred on two separate occasions, the multiple counts statute permits the conviction for both counts. Thus, the trial court did not commit plain error when it allowed both guilty verdicts to stand.
Appellant's seventh assignment of error is overruled.
Appellant asserts the following as his eighth assignment of error:
 The trial court erred when it denied the jury its request to listen to the testimony of Edie Jones again.
As in the preceding discussion, a review of the record establishes that counsel for Appellant failed to object to the court's refusal to permit the jury to hear Edie Jones' testimony again after deliberations had begun. The relevant portion of the record states the following:
 The Court: And the other question dealt with whether they [the jury] could have the transcript of the testimony of the child, and the answer to that was, "No, you must rely upon your collective memories as to the testimony of all witnesses." Mrs. Fox, satisfactory?
Mrs. Fox: Yes.
The Court: Mr. Siesel, satisfactory?
Mr. Siesel: Yes.
Thus, based upon Mr. Siesel's failure to object to the court's response to the jury's request, we find that the issue has been waived and will not be considered on appeal. See State v.Cobb (1991), 81 Ohio App.3d 179, 182.
Appellant's eighth assignment of error is overruled.
Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgement of the trial court.
Judgment affirmed.
 SHAW, P.J., and BRYANT, J., concur.
[1] The motion for acquittal for the remaining two counts was renewed after the defense rested, however, the trial court denied said motions.
[2] Appellant had a history of various convictions from Virginia, Florida and Ohio which included escape, fleeing, disorderly conduct, driving while under the influence, burglary, possession of marijuana, petty larceny, and carrying a concealed weapon.