This matter presents a timely appeal from a judgment of the Mahoning County Common Pleas Court finding defendant-appellant, Frederico Sanguinetti, guilty of gross sexual imposition, a violation of R.C. 2907.05 (A) (4), and sentencing him to two years incarceration.
Appellant was an elementary school teacher at Roosevelt Elementary School in Youngstown, Ohio. (Tr. 375). He taught a bilingual (English/Spanish) class which consisted of students ranging from kindergarten through third grade. (Tr. 376). Among the students in appellant's class were Maringeli Rivera (Rivera), who was born on October 22, 1986, and Ashley Rosado (Rosado), who was born on February 24, 1986. (Tr. 109, 201). Appellant had a reward system in his class whereby he would treat the students to lunch at a local fast food restaurant for good behavior and academic excellence. (Tr. 350).
During a sleep over party at a friend's house, Rivera stated that she had been molested by appellant on several occasions. Rivera asserted that, while most of the students were at music class, appellant took her behind a partition in the classroom, where he fondled her buttocks and stuck his finger into her anus. (Tr. 123-27). She also stated that appellant would rub "his nuts on my butt." (Tr. 145-46). Rivera recounted that she was again molested one day when appellant had taken her to McDonald's as a reward. After going to the restaurant appellant had taken Rivera to his home where, she claimed, he called her into the basement and proceeded to stick his finger into her anus. (Tr. 114-20).
Rivera's parents took her to St. Elizabeth Hospital where she was examined for sexual abuse. Although the doctor discovered an anal fissure, which was consistent with sexual abuse, such a fissure did not specifically indicate abuse. (Tr. 98).
Another student, Rosado, maintained that appellant had molested her. She stated that appellant rubbed her buttocks after she read, and that appellant blew her kisses during class. (Tr. 205-07). Salina Garcia (Garcia), a fellow student in appellant's class, testified to seeing appellant touch Rosado's buttocks. (Tr. 230).
These allegations led to the Mahoning County Grand Jury indicting appellant, on or about March 4, 1994, on one count of rape, in violation of R.C. 2907.02 (A) (1) (b) (2), two counts of felonious sexual penetration, in violation of R.C. 2907.02
(A) (1) (b), one count of kidnaping, in violation of R.C.2905.01 (A) (2), and one count of gross sexual imposition, in violation of R.C. 2907.05 (A) (4). The first four counts concerned Rivera and only the fifth count of gross sexual imposition concerned Rosado.
During the trial, appellant moved to suppress evidence which was seized at his home. The trial court overruled the motion, but plaintiff-appellee, State of Ohio, did not attempt to introduce this evidence. After appellee rested its case-in-chief, appellant made a motion for acquittal, pursuant to Crim.R. 29. The trial court granted the motion for the rape charge, but denied the motion for the other charges. (Tr. 263-68). Appellant also memorialized an argument made during voir dire, whereby it was argued that the voir dire procedure itself violated due process and was in itself unconstitutional. (Tr. 258). The trial court noted the argument, but stated that it had always been the court's experience and practice to conduct voir dire as it had done in the present case, and thus the procedure used did not violate due process. (Tr. 258-60). Appellant also made a motion in limine to prevent appellee from cross-examining witnesses about a previous allegation of improper touching of students and of his daughter. (Tr. 274). The trial court sustained this motion and stated that appellee could not disclose this information unless first consulting with the court at side bar. (Tr. 279). Appellee never attempted to cross-examine any witness concerning these previous charges.
After resting his case, appellant renewed his Crim.R. 29 motion for acquittal on the remaining charges, and the trial court again overruled this motion. (Tr. 423). The jury returned a verdict finding appellant of not guilty on all charges, except the charge of gross sexual imposition, and he was sentenced to a definite term of two years incarceration.
Appellant's counsel filed a no merit brief on June 5, 1998, pursuant to this court's ruling in State v. Toney (1970),23 Ohio App.2d 203, stating in an attached memorandum that after reviewing the transcripts the only possible error which might have occurred was the trial court's refusal to grant the Crim.R. 29 motion for acquittal for gross sexual imposition. This court allowed appellant thirty days to raise any additional assignments of error, but no brief or additional assignments of error were filed by appellant.
In Toney, supra, this court set forth in paragraphs three, four, five, six and seven of the syllabus, the procedure to be used when counsel of record determines that an indigent's appeal is frivolous, stating:
 "3. Where a court appointed counsel, with long and extensive experience in criminal practice, concludes that the indigent's appeal is frivolous and that there is no assignment of error which could be arguably supported on appeal, he should so advise the appointing court by brief and request that he be permitted to withdraw as counsel of record.
 "4. Court-appointed counsel's conclusions and motion to withdraw as counsel of record should be transmitted forthwith to the indigent, and the indigent should be granted time to raise any points that he chooses, pro se.
 "5. It is the duty of the Court of Appeals to fully examine the proceedings in the trial court, the brief of appointed counsel, the arguments pro se of the indigent, and then determine whether or not the appeal is wholly frivolous.
 "6. Where the Court of Appeals makes such an examination and concludes that the appeal is wholly frivolous, the motion of an indigent appellant for the appointment of new counsel for the purpose of appeal should be denied.
 "7. Where the Court of Appeals determines that an indigent's appeal is wholly frivolous, the motion of court appointed counsel to withdraw as counsel of record should be allowed, and the judgment of the trial court should be affirmed."
This court has consistently followed the decision inToney, most recently in State v. Richmond (June 29, 1998), Belmont App. No. 96-BA-59, unreported. Appellant's counsel has made no request to withdraw and appellant pro se has raised no issues for possible appeal, so this appeal concerns only the fifth element of the Toney syllabus. This court must review the transcripts of the trial court's proceedings to determine whether the appeal is wholly frivolous.
In a memorandum attached to the no merit brief, appellant's counsel mentioned a possible error in the trial court's refusal to grant the Crim.R. 29 motion on the charge of gross sexual imposition. Crim.R. 29 provides:
 "(A) Motion for Judgment of Acquittal. The court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses. The court may not reserve ruling on a motion for judgment of acquittal made at the close of the state's case."
The Ohio Supreme Court discussed this rule in State v. Jenks
(1991), 61 Ohio St.3d 259, stating in its syllabus:
 "2. An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."
Since the trial court granted appellant's Crim.R. 29 motion on the rape charge and the jury found appellant not guilty of all of the charges except for gross sexual imposition, the only consideration here is whether there was sufficient evidence to convict appellant on gross sexual imposition.
Gross sexual imposition is governed by R.C. 2907.05, which states in pertinent part:
 "(A) No person shall have sexual contact with another, not the spouse of the offender; cause another, not the spouse of the offender, to have sexual contact with the offender; or cause two or more other persons to have sexual contact when any of the following applies:
"* * *
 "(4) The other person, or one of the other persons, is less than thirteen years of age, whether or not the offender knows the age of that person.
"* * *
 "(B) Whoever violates this section is guilty of gross sexual imposition. * * *."
Furthermore R.C. 2907.01(B) provides:
 "(B) "Sexual contact" means any touching of an erogenous zone of another, including without limitation the thigh, genitals, buttock, pubic region, or, if the person is a female, a breast, for the purpose of sexually arousing or gratifying either person."
During the trial, appellee provided testimony that appellant touched Rosado's buttocks. Rosado testified that appellant was seated next to her while she stood to read during reading class. (Tr. 205). Once she had finished reading, she further testified, appellant rubbed her buttocks. (Tr. 205). During her testimony, Rosado rubbed her knees, demonstrating to the jury the manner in which appellant had touched her buttocks. (Tr. 215). Rosado also testified that appellant kissed her on the cheek and blew kisses to her during class. (Tr. 206-07).
Appellee also presented the testimony of a fellow student, Garcia, who testified that she saw appellant touch Rosado's buttocks. (Tr. 230). She testified that she saw appellant touch Rosado's buttocks and hug her when Rosado handed in a paper. (Tr. 230). Through testimony, appellee established which desk was Garcia's and also that the touching occurred next to the third grade chairs, which were next to Garcia's chair. (Tr. 55, 235). Therefore, Garcia sat in a position to witness this touching.
Considered in a light most favorable to the prosecution, this testimony proved beyond a reasonable doubt that appellant touched an erogenous zone, specifically the buttocks, of Rosado in accordance with the definition of "sexual contact" provided by R.C. 2907.01 (B). Also, Rosado was under the age of thirteen as required under R.C. 2907.05. However, R.C. 2907.01 (B) provides that "sexual contact" must be made for the purpose of sexually gratifying or arousing either person. An argument might be made that appellee did not present evidence to show that appellant's touching of Rosado was for such a purpose. Courts have allowed a jury to consider the surrounding circumstances in determining whether such contact is for sexual gratification. In State v. Cobb (1991), 81 Ohio App.3d 179,185, the court stated:
 "Thus, the proper method is to permit the trier of fact to infer from the evidence presented at trial whether the purpose of the defendant was sexual arousal or gratification by his contact with those areas of the body described in R.C. 2907.01. In making its decision the trier of fact may consider the type, nature and circumstances of the contact, along with the personality of the defendant. From these facts the trier of facts may infer what the defendant's motivation was in making the physical contact with the victim. If the trier of fact determines, that the defendant was motivated by desires of sexual arousal or gratification, and that the contact occurred, then the trier of fact may conclude that the object of the defendant's motivation was achieved."
Similarly, in State v. Mundy (1994), 99 Ohio App.3d 275, 289, the court stated:
 "Whether that touching was undertaken for the purpose of sexual arousal or gratification must be inferred from the type, nature, and circumstances surrounding the contact."
In the present case, there was evidence demonstrating the circumstances surrounding the touching. Appellee presented testimony that appellant hugged and kissed Rosado and blew kisses to her. Also, Rosado demonstrated the manner in which appellant touched her. This becomes a credibility issue and the weight to be given the evidence is within the discretion of the trier-of-fact. State v. DeHass (1967), 10 Ohio St.2d 230. Viewing this evidence in a light most favorable to the prosecution, appellee demonstrated circumstances indicating that appellant touched Rosado for the purposes of sexual gratification. Thus, a rational trier-of-fact could have concluded from this circumstantial evidence that appellant's touching was for sexual gratification, which is the final element for gross sexual imposition.
For the foregoing reasons any argument that the trial court erred in not granting appellant's Crim.R. 29 motion for acquittal regarding the gross sexual imposition is frivolous.
Continuing our review of the proceedings, another possible assignment of error may be found in appellant's objection to the manner in which voir dire was conducted. Appellant memorialized this argument stating:
 "Your Honor, the only thing I would like to memorialize happened quite a bit earlier in this trial; and that is as a result of the method this Court chooses to use for voir dire, in order to exercise your fourth peremptory challenge, you are taking on a blind juror in that you are going to have a juror sitting in the box that you have not had an opportunity to question and, therefore, you either have to keep someone that you are maybe not real happy with or excuse that person and take a juror that the only possibility you have of excusing is for cause. I believe that is a violation of due process and that that juror is treated differently than every other juror who has the opportunity to be a member of the panel and obviously puts counsel in a difficult position. And in this particular occasion it ended up being a very difficult position because I had an individual that I was considering excusing, but I at least knew something about him and chose him over a person I would know nothing about except name, address, family as it appears on the questionnaire. I would indicate for the record that I think the process is duly unfair on its face, and I would like to have that indicated on the record." (Tr. 258-259).
Although appellant memorialized this objection to the voir dire procedure, this memorialization does not provide sufficient grounds on which to base such an argument. Any attempt by this court to construct an argument charging error would be pure speculation. Furthermore, neither appellantpro se, nor appellee provided a transcript of the voir dire proceedings. Therefore, this court must presume that these voir dire proceedings were conducted validly. City of Columbus v.Hodge (1987), 37 Ohio App.3d 68, citing Knapp v. EdwardsLaboratories (1980), 61 Ohio St.2d 197. Therefore, any assignment of error concerning the voir dire proceedings is frivolous.
Based upon the testimony presented by appellee demonstrating that appellant touched Rosado and the accompanying circumstances indicating this touching was for sexual gratification, and the fact that there is no basis for an argument claiming that the voir dire procedure violated due process, this court finds no possible assignments of error in which appellant may prevail. Therefore, consistent withToney, supra, this court must dismiss this appeal as wholly frivolous and affirm the trial court's decision.
The judgment of the trial court is affirmed.
Donofrio, J., concurs.
Vukovich, J., concurs.
APPROVED:
 ------------------------------ EDWARD A. COX, PRESIDING JUDGE