OPINION
This matter presents a timely appeal from a jury verdict and judgment rendered upon such verdict by the Columbiana County Common Pleas Court, finding defendant-appellant, Stephen A. Goodman, guilty on two counts of gross sexual imposition, in violation of R.C. 2907.05(A)(4), along with his subsequent sentencing thereon.
This case revolves around two instances of alleged misconduct by appellant.
At trial, thirteen-year-old Crystal Adkins testified that she was best friends with appellant's daughter, Kara Goodman. (Tr. 232). Crystal stated that on June 6, 1998, she spent the night with Kara at appellant's home. (Tr. 232). While the girls were going to sleep on the living room floor, appellant removed her blanket and fondled her buttocks on the outside of her shorts on three occasions. (Tr. 244-246). Immediately after the alleged incident, Crystal (who was twelve-years-old at the time) asked Kara to go into the bathroom with her. (Tr. 246-47). When the girls went into the bathroom, Crystal informed Kara about what had just happened. (Tr. 247).
The jury also heard testimony from appellant's youngest daughter, nine-year-old Kristin Goodman. Kristin testified that "sometime" when she was lying on the living room floor in front of the television, appellant put his hand down the back of her underpants, touched her buttocks and attempted to touch her "crotch." (Tr. 275-278). This incident was set forth in the indictment and bill of particulars as having taken place on June 13, 1998.
Kristin stated that she rolled around on the floor until appellant's hand came out of her underpants. (Tr. 278-79). Then Kristin got up and went into her sister's bedroom to get away from appellant. (Tr. 279). When appellant walked in the room and walked back out, Kristin left her sister's room and proceeded into her bedroom where she sought refuge on the top bunk of the bunk beds. (Tr. 279). According to her testimony, appellant followed Kristin into her room and climbed onto the top bunk with her, but did not touch her further. (Tr. 280-81).
The following day, June 14, 1998, appellant's wife, Sharon Goodman, returned home from a camping trip while appellant was at work. (Tr. 184-185). That evening, Mrs. Goodman laid down to go to sleep at approximately 11:30 p.m. (Tr. 185). She testified that sometime thereafter she was suddenly awakened by the screaming of her three children. (Tr. 185). Once Mrs. Goodman was able to calm the girls down, she was able to speak to Kristin who told her what had happened the day before. (Tr. 186). Upon hearing this, Mrs. Goodman immediately took the children from the house and went to stay with her mother. (Tr. 187).
On September 9, 1998, appellant was indicted on two counts of gross sexual imposition. Appellant was arraigned and pled not guilty to both counts on October 14, 1998. On November 16, 1998, requests for discovery and for a bill of particulars were filed by defense counsel. Said requests were answered by plaintiff-appellee, State of Ohio, on November 30, 1998, and were later supplemented on the day of trial.
The case was tried to a jury on March 1 and 2, 1999. Appellant orally moved for acquittal both at the conclusion of appellee's case-in-chief and at the conclusion of all of the evidence. The jury found appellant guilty on both counts of gross sexual imposition.
On March 9, 1999, the trial judge recused himself from sentencing appellant. Appellant renewed his motion for acquittal in writing on March 16, 1999. This motion was denied by the trial court in an entry dated April 13, 1999.
On or about May 10, 1999, the probation/sentencing hearing was held, at which time appellant presented evidence in mitigation and Mrs. Goodman offered a statement. The issue of appellant's status as a sexual predator under R.C. 2950, et.seq., was also determined at said hearing, but no evidence was offered by appellee on this matter.
Appellant was sentenced to a definite incarceration term of three years on each of the two counts, to be served concurrently with one another. Appellant was also designated a sexually oriented offender under R.C. 2950, et seq., but does not take issue with this designation on appeal.
Appellant sets forth two assignments of error on appeal. Since the assignments of error have a common basis in law and fact, they will be discussed together and respectfully allege:
 "THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTIONS FOR ACQUITTAL, AS THE STATE INTRODUCED INSUFFICIENT EVIDENCE ON THE NECESSARY ELEMENT OF SEXUAL CONTACT, AND THE MATTER NEVER SHOULD HAVE BEEN SUBMITTED TO THE JURY.
"THE JUDGMENT AND VERDICT OF THE TRIAL COURT ARE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE, FOR THE REASON THAT THE STATE FAILED TO PROVE BEYOND A REASONABLE DOUBT THE ESSENTIAL ELEMENT OF SEXUAL CONTACT."
Appellant contends that aside from the circumstances of the touching incidents themselves, no evidence was introduced to establish that the purpose of the touching was for the sexual gratification of appellant or either of the alleged victims, nor was there any physical evidence presented to corroborate either of the incidents. Therefore, appellant asserts that the absence of such evidence was fatal to the element of sexual contact and, thus, the trial court not only erred in denying appellant's motions for acquittal, but also in allowing the case to even go before a jury.
The issues raised by appellant are not those of first impression to this court. In State v. Sanguinetti (1999), Mahoning App. No. 94-C.A.-229, unreported, this court faced the question of whether sufficient evidence existed to convict the defendant of gross sexual imposition. In affirming the conviction, this court engaged in an integral and meticulous examination of the elements required for a finding of gross sexual imposition in violation of R.C. 2907.05. As the factual and legal issues in the case sub judice are nearly identical to those scrutinized in Sanguinetti, the rationale employed by the court is also dispositive of the issues herein.
Sufficiency of the evidence is the legal standard applied to determine whether the case may go to the jury or whether the evidence is legally sufficient as a matter of law to support the jury verdict. State v.Smith (1997), 80 Ohio St.3d 89, 113. In essence, sufficiency is a test of adequacy. State v. Thompkins (1997), 78 Ohio St.3d 380, 386. Whether the evidence is legally sufficient to sustain such a verdict is a question of law. Thompkins, supra. In reviewing the record for sufficiency, the relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier-of-fact could have found the essential elements of the crime proven beyond a reasonable doubt. Smith, supra at 113.
Alternatively, in determining whether a verdict is against the manifest weight of the evidence, a court of appeals must review the entire record, weigh the evidence and all reasonable inferences to determine whether, in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. Thompkins, supra at 387. "Weight of the evidence concerns `the inclination of the greateramount of credible evidence, offered in a trial, to support one side of the issue rather than the other." Thompkins, supra. (Emphasis sic.) Again, "[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Jenks (1991), 61 Ohio St.3d 259, paragraph 2 of the syllabus. "When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a `thirteenth juror' and disagrees with the factfinder's resolution of the conflicting testimony."Thompkins, supra at 387 citing Tibbs v. Florida (1982), 457 U.S. 31, 45. "The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Thompkins, supra at 387 citing State v. Martin (1983),20 Ohio App.3d 172, 175.
Appellant was convicted of two counts of gross sexual imposition, in violation of R.C. 2907.05(A)(4), which provides in pertinent part:
 "(A) No person shall have sexual contact with another, not the spouse of the offender; cause another, not the spouse of the offender, to have sexual contact with the offender; or cause two or more other persons to have sexual contact when any of the following applies:
"* * *
"(4) The other person, or one of the other persons, is less than thirteen years of age, whether or not the offender knows the age of that person."
Furthermore, R.C. 2907.01(B) provides:
 "`Sexual contact' means any touching of an erogenous zone of another, including without limitation the thigh, genitals, buttock, pubic region, or, if the person is a female, a breast, for the purpose of sexually arousing or gratifying either person."
Considered in a light most favorable to the prosecution, the testimony presented at trial established beyond a reasonable doubt that appellant touched an erogenous zone, specifically the buttocks, of Crystal and Kristin in accordance with the definition of "sexual contact" provided by R.C. 2907.01(B). In addition, Crystal and Kristin were both under the age of thirteen at the time the incidents occurred as required under R.C.2907.05(A)(4). However, R.C. 2907.01(B) mandates that "sexual contact" must be made for the purpose of sexually gratifying or arousing either person involved before a defendant can be convicted on charges of gross sexual imposition.
Appellant purports to argue that appellee did not present evidence to establish that appellant's touching of Crystal and Kristin was for the purpose of sexual gratification. Notwithstanding this argument, courts have allowed a jury to consider the surrounding circumstances in determining whether such contact is for sexual gratification. In Statev. Cobb (1991), 81 Ohio App.3d 179, 185, the court stated:
 "Thus, the proper method is to permit the trier of fact to infer from the evidence presented at trial whether the purpose of the defendant was sexual arousal or gratification by his contact with those areas of the body described in R.C. 2907.01. In making its decision the trier of fact may consider the type, nature and circumstances of the contact, along with the personality of the defendant. From these facts the trier of facts may infer what the defendant's motivation was in making the physical contact with the victim. If the trier of fact determines, that the defendant was motivated by desires of sexual arousal or gratification, and that the contact occurred, then the trier of fact may conclude that the object of the defendant's motivation was achieved."
Similarly, in State v. Mundy (1994), 99 Ohio App.3d 275, 289, the court stated:
 "Whether that touching was undertaken for the purpose of sexual arousal or gratification must be inferred from the type, nature, and circumstances surrounding the contact."
In the case at bar, credible evidence existed to demonstrate the circumstances surrounding the touching. Appellee presented testimony from the victims with regard to the manner in which appellant was touching them, in order to prove that the touching was for sexual gratification or arousal and not merely incidental or accidental. On direct examination by appellee, Crystal Adkins testified:
"Q. Okay. What do you remember happening next?
"A. He was touching the blanket, and kept on removing the blanket and putting it on the side of me, and touching my butt.
"Q. When you say, `He' who are you referring to?
"A. Stephen.
"Q. You said he kept doing that?
"A. Yeah, like three times.
"Q. Like three times. Well, what did he do three times?
"A. He kept putting the blanket on my side and touching me.
"Q. Touching you where?
"A. On my butt.
"* * *
"Q. Okay. Now when he touched you, could you describe what he did with his hand?
"A. He used his whole hand, and he was rubbing.
"Q. Rubbing what?
"A. My butt.
"Q. His hand didn't stay still?
"A. No." (Tr. 245-46).
 While also on direct examination by appellee, Kristin Goodman testified:
 "Q. What do you remember happening then after you laid your head down?
"A. He turned off the t.v. when I laid my head down, and he stuck his hand in my pants.
"Q. What part of your pants did he put his hand in? In the front or the back?
"A. The back.
"Q. Did he touch your butt?
"A. Yes.
"* * *
"Q. What part of your body did he touch?
"A. On my butt.
"Q. Did he touch you anywhere else?
"A. No.
"Q. Did he try to touch you anywhere else?
"A. Yes.
"Q. Where?
"A. On my crotch.
"Q. Did he touch you on your private?
"A. No.
"* * *
"Q. When his hand was in your underwear, did it stay in one place, or did he move it?
"A. He moved it." (Tr. 277-78, 282).
In the present case, evidence exists which demonstrates the circumstances surrounding the touching. Appellee presented sufficient, credible evidence that the alleged incidents did, in fact, occur. This becomes a credibility issue and the weight to be given the evidence is within the discretion of the trier-of-fact, which is the jury in this case. State v. DeHass (1967), 10 Ohio St.2d 230. Viewing this evidence in a light most favorable to the prosecution, appellee demonstrated circumstances indicating that appellant touched Crystal and Kristin for the purposes of sexual gratification. Thus, a rational trier-of-fact could have concluded from this circumstantial evidence that appellant's touching was for sexual gratification, which is the final essential element for gross sexual imposition.
For the foregoing reasons, any argument that the trial court erred in not granting appellant's motion for acquittal regarding the gross sexual imposition is frivolous. Additionally, it is quite clear that the jury did not "lose its way." Thus, this court will not reverse the verdict as being against the manifest weight of the evidence.
Appellant's first and second assignments of error are found to be without merit.
Accordingly, the judgment of the trial court is affirmed.
 _____________________ COX, P.J.
Donofrio, J., concurs
Vukovich, J., concurs