The STATE of Ohio, Appellee,

v.

COBB, Appellant.

[Cite as *State v. Cobb* (1991), 81 Ohio App.3d 179.]

Court of Appeals of Ohio,
Lorain County.

No. 91CA005045.

Decided Oct. 30, 1991.

*Gregory A. White,* Lorain County Prosecuting Attorney, for appellee.
*John Otero, Jr.,* for appellant.

REECE, Judge.

Appellant, Linda Cobb, was convicted of one count of gross sexual imposition in violation of R.C. 2907.05(A)(4). The incident giving rise to Cobb's conviction involved Eddie, who was five years old at the time of the incident. Eddie was called as a witness on behalf of the state. Cobb appeals her conviction, raising three assignments of error.

### Assignment of Error No. I

"The trial court erred in finding the victim, Eddie * * *, a child of tender years competent to testify for the reason it failed to conduct a proper examination of the child and refused to hear a tape recording of the victim's statement when he originally made his complaint which occured [*sic*] on June 21, 1990."

In Ohio "children under ten years of age, who appear incapable of receiving just impressions of the facts and transactions respecting which they are examined," are not competent to testify. R.C. 2317.01; Evid.R. 601. Pursu-

ant to R.C. 2317.01, the trial court must voir dire the child, outside of the presence of the jury, to determine the child's competency to testify at trial. See *State v. Wilson* (1952), 156 Ohio St. 525, 46 O.O. 437, 103 N.E.2d 552, paragraphs two and three of the syllabus (interpreting G.C. 11493, the predecessor to R.C. 2317.01). The test to be used by the trial court was set forth by this court in *State v. Lee* (1983), 9 Ohio App.3d 282, 283, 9 OBR 497, 497, 459 N.E.2d 910, 911, where we stated:

" 'The essential test of the competency of an infant witness is his comprehension of the obligation to tell the truth and his intellectual capacity of observation, recollection and communication.  * * * '

" 'The test for determining competency * * * is twofold. The court, in its hearing must determine: first, that the witness has the intellectual capacity to recount the events accurately, and; second, that the witness understands the necessity of telling the truth.' " *Id.*, quoting *Hill v. Skinner* (1947), 81 Ohio App. 375, 377, 37 O.O. 213, 213, 79 N.E.2d 787, 789.

▮ At the competency hearing of Eddie, the judge asked general questions related to the child's ability to accurately perceive and recall past events. Cobb claims that the trial court failed to ascertain Eddie's competency to testify about any sexual contact by Cobb, because the court did not ask Eddie any questions specifically related to that event. We disagree with appellant's claim.

It is well established that the determination of a child's competency to testify at trial is within the sole discretion of the trial court. *Lee, supra,* 9 Ohio App.3d at 283, 9 OBR at 497, 459 N.E.2d at 911. The trial court is in a far better position to determine the competency of a child witness and therefore the court's finding will not be overturned absent an abuse of discretion. *Barnett v. State* (1922), 104 Ohio St. 298, 301, 135 N.E. 647, 648. See, also, *State v. Bunch* (1989), 62 Ohio App.3d 801, 805, 577 N.E.2d 681, 683. This court finds' no abuse by the trial court in finding Eddie competent to testify, particularly in light of his testimony at trial.

▮ Additionally, R.C. 2317.01 provides that counsel for either party may submit questions to the court to be asked at the competency examination of a child. While the statute does not require the court to use these questions, a party's complaint about the questions asked by the trial court is certainly weakened when the party has failed to submit proposed questions. Further, there was no objection by appellant to the questions used by the court. Issues which are not addressed to the trial court at the time at which they could be remedied will generally not be reviewed on appeal. *State v. Williams* (1977), 51 Ohio St.2d 112, 5 O.O.3d 98, 364 N.E.2d 1364, paragraph

one of the syllabus; *State v. Self* (1990), 56 Ohio St.3d 73, 81, 564 N.E.2d 446, 454.

■ Finally, the law requires the trial judge to determine the child's ability to perceive, remember, and relate truthfully, those events about which the child is to testify. We find no case law requiring the judge to inquire into the specific testimony to be elicited from the child at trial. In most cases the child will be a competent witness if the child has the intellectual capacity to accurately and truthfully recount events occurring during the same time period as the events about which he is to testify at trial. See *State v. Lewis* (1982), 4 Ohio App.3d 275, 276–277, 4 OBR 494, 495–497, 448 N.E.2d 487, 489–490.

■ Cobb also argues that the court erred when it failed to listen to Eddie's prior recorded statement as evidence of his incompetency. This contention is without merit. The trial court is under no obligation to receive collateral evidence in its determination of a child's competency. While the prior recorded statement contained inconsistencies in Eddie's testimony, these inconsistencies go to the credibility of the witness and not to his competency to testify.

Cobb's first assignment of error is overruled.

### Assignment of Error No. II

"The trial court erred by limiting the scope of cross-examination of the victim, Eddie * * *, after the court and counsel held an in-camera listening [of a] taped statement given by the victim pursuant to [Criminal] Rule 16[ (B)(1)(g) ]."

■ After the state's direct examination of Eddie, the trial court held an in-camera hearing to listen to Eddie's prior recorded statement, as required by Crim.R. 16(B)(1)(g). As a result, Cobb became aware of several inconsistencies in the testimony given by Eddie. In this prior statement, Eddie incorrectly stated the number of his siblings, stated that no one touched his genitals, and made inconsistent statements as to the time of day and duration of the sexual contact. Cobb was permitted to cross-examine Eddie about each of these inconsistencies. The court did not permit Cobb to inquire on cross-examination about an alleged incident involving another child. The court held this area of examination, not covered on direct, to be irrelevant and collateral to the issues presented at trial. Cobb claims the court committed error in this evidentiary ruling.

■ Trial judges are given "wide latitude * * * to impose reasonable limits" on the scope of a cross-examination. *Delaware v. Van Arsdall* (1986), 475 U.S. 673, 679, 106 S.Ct. 1431, 1439, 89 L.Ed.2d 674, 683. The admission of

evidence which is collateral to the issues presented at trial, and probative only as to the credibility of a witness, lies within the sound discretion of the trial court. *State v. Kirkland* (1984), 18 Ohio App.3d 1, 4, 18 OBR 25, 28, 480 N.E.2d 85, 88. See, also, *State v. Riggins* (1986), 35 Ohio App.3d 1, 3, 519 N.E.2d 397, 401. An evidentiary ruling by the trial court, excluding such collateral evidence, will not be disturbed absent an abuse of discretion. *Schwartz v. Wells* (1982), 5 Ohio App.3d 1, 3, 5 OBR 1, 3, 449 N.E.2d 9, 11. Whether an abuse of discretion has occurred depends on the "general factual posture" of the case and whether "the complaining party was denied a fair trial." *Id.*

We fail to find any abuse of discretion by the trial court in its evidentiary ruling. The only purpose in questioning Eddie as to this one prior statement would be to further attack the witness's credibility. Cobb was afforded ample opportunity to attack the credibility of Eddie using those inconsistencies on which the trial court permitted inquiry.

Cobb's second assignment of error is overruled.

### Assignment of Error No. III

"The trial court erred in refusing to charge the jury pursuant to *State vs. Astley* [ (1987) ], 36 O[hio] App.3d 247 [523 N.E.2d 322], to further define the term sexual conduct as that as used in R.C. 2907.05 the term 'sexual arousal or gratification contemplates any touching of the described area which a reasonable person would perceive as sexually stimulating or grafifying [*sic* ].' "

█ It is incumbent on the state to prove beyond a reasonable doubt each element of the crime charged. *In re Winship* (1970), 397 U.S. 358, 364, 90 S.Ct. 1068, 1072, 25 L.Ed.2d 368, 375. R.C. 2907.05(A)(4) provides that no person shall have "sexual contact" with a person who is less than thirteen years old. Sexual contact is defined by R.C. 2907.01(B) as follows:

" 'Sexual contact' means any touching of an erogenous zone of another, including without limitation the thigh, genitals, buttock, pubic region, or, if the person is a female, a breast, for the purpose of *sexually arousing or gratifying* either person." (Emphasis added.)

Cobb requested that the trial court instruct the jury on the definition of sexual arousal or gratification in R.C. 2907.01(B) as interpreted by the Court of Appeals for Franklin County in *State v. Astley* (1987), 36 Ohio App.3d 247, 523 N.E.2d 322. In *Astley,* the court stated at 250, 523 N.E.2d at 325:

" * * * In our view, the statutes contemplate any touching of the described areas which a reasonable person would perceive as sexually stimulating or gratifying." (Citation omitted.)

While the trial court did instruct the jury as to the definition of "sexual contact" as stated in R.C. 2907.01(B), Cobb claims the court erred in not defining sexual arousal or gratification using the "reasonable person" standard of *Astley*. Cobb's position is that a reasonable person would not find sexual gratification or arousal in either an adult woman or five-year-old boy by the adult's touching of the child's penis. In this regard Cobb misconstrues the holding in *Astley*.

In *Astley*, the defendant argued that the state must prove the subjective sexual arousal or gratification of either the defendant or victim. The court in using the reasonable person language, merely adopted an objective standard to be applied to the contact. This standard was whether a reasonable person would perceive sexual arousal or gratification on the part of the defendant or victim based on the contact. Unfortunately, this test can be misinterpreted as Cobb has attempted to do in this case.

The *Astley* court went on to say:

"As we stated above, R.C. Chapter 2907 is designed to protect victims of sexual crimes. Like R.C. 2907.02(A)(3), R.C. 2907.05(A)(3) [now 2907.05(A)(4)] is a strict liability offense and requires no precise culpable state of mind. All that is required is a showing of the proscribed sexual contact.

"Here, the court specifically found arousal to have occurred. Defendant has not made the requisite showing to overcome the trial court's factual finding. *State v. DeHass* (1967), 10 Ohio St.2d 230, 39 O.O.2d 366, 227 N.E.2d 212." *Id.*, 36 Ohio App.3d at 250, 523 N.E.2d at 325.

Thus, the proper method is to permit the trier of fact to infer from the evidence presented at trial whether the purpose of the defendant was sexual arousal or gratification by his contact with those areas of the body described in R.C. 2907.01. In making its decision the trier of fact may consider the type, nature and circumstances of the contact, along with the personality of the defendant. From these facts the trier of facts may infer what the defendant's motivation was in making the physical contact with the victim. If the trier of fact determines, that the defendant was motivated by desires of sexual arousal or gratification, and that the contact occurred, then the trier of fact may conclude that the object of the defendant's motivation was achieved.

In conclusion, the instruction given by the trial court was a correct statement of the law. The jury was permitted to infer from the facts that Cobb's motivation in touching Eddie was for sexual arousal or gratification from the touching. Cobb's third assignment of error is overruled.

Accordingly, the judgment of the trial court is affirmed.

*Judgment affirmed.*

BAIRD, P.J., and CACIOPPO, J., concur.