OPINION
Defendant-appellant, David Rayburn, appeals his conviction in the Clinton County Court of Common Pleas for rape in violation of R.C. 2907.02(A)(1)(b). We affirm the decision of the trial court.
In December 1998 and January 1999, six-year-old A.T. lived with her mother, Regina Taylor, and appellant, Regina's boyfriend. On one occasion, A.T. went into Regina's bedroom with appellant while Regina was in another room. Appellant placed his finger into A.T.'s vagina.
On January 3, 1998, A.T. was spending the night with a friend. A.T. told her friend's mother, Angela Mussetter, what appellant had done. Angela immediately called Regina, and the Clinton County Sheriff's office responded. When Deputy Christopher Lester questioned appellant, appellant admitted that he placed his finger into A.T.'s vagina. Appellant gave police a written statement in which he claimed that he confused A.T. with Regina when A.T. came into bed with them.
On April 2, 1998, appellant was indicted by the state of Ohio on two charges of rape, both first degree felonies, for engaging in sexual conduct with a child under the age of thirteen. The day before appellant's jury trial, the court held a hearing to determine whether A.T., who was then seven years old, was a competent witness. The state and appellant's counsel both questioned A.T. extensively. At the conclusion of the hearing, the trial court found that A.T. had the ability to perceive and accurately recall her impressions; that she had the ability to communicate those impressions; and that she understood and appreciated her responsibility to be truthful in court. The trial court ruled that A.T. was a competent witness.
In appellant's jury trial, A.T. testified over appellant's competency objection. At the close of the state's case, appellant moved for Crim.R. 29 acquittal on "one of the [rape] charges," claiming that no adequate corpus delicti independent of appellant's statement supported the charge. The trial court overruled appellant's motion.
The jury convicted appellant of one count of rape, a first degree felony. It found him not guilty of the second rape charge. On February 22, 1999, the trial court held a sentencing hearing and sentenced appellant to serve a four-year prison term for his rape conviction. Appellant filed a timely appeal from his conviction and raises two assignments of error.
Assignment of Error No. 1:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT IN FINDING THAT THE ALLEGED VICTIM, [A.T.], AGE 7, WAS COMPETENT TO TESTIFY AT TRIAL.
In his first assignment of error, appellant claims that, in the competency hearing, the trial court improperly precluded him from questioning A.T. about the events constituting the crime. Appellant next argues that, even if the trial court properly ruled that he could not question A.T. about the crime, the trial court abused its discretion by finding the child competent to testify.
Under Evid.R. 601, "[e]very person is competent to be a witness except: (A) * * * children under ten (10) years of age, who appear incapable of receiving just impressions of the facts and transactions respecting which they are examined, or of relating them truly * * *." The trial judge has the duty to conduct a voir dire examination of a child under ten years of age to determine the child's competency to testify. State v. Frazier (1991),61 Ohio St.3d 247, 250-51.
In determining whether a child under ten is competent to testify, the trial court must take into consideration: (1) the child's ability to receive accurate impressions of fact or to observe acts about which he or she will testify; (2) the child's ability to recollect those impressions or observations; (3) the child's ability to communicate what was observed; (4) the child's understanding of truth and falsity; and (5) the child's appreciation of his or her responsibility to be truthful. Id. at 251.
Appellant first argues that the trial court erred by precluding certain questions from being asked during the competency hearing. During the hearing, both the state and appellant's counsel questioned A.T. extensively to elicit her general ability to perceive and relate events. At one point, appellant attempted to question A.T. about her relationship with her mother and her anger at appellant. The trial court precluded this line of inquiry, holding that appellant's questions to A.T. constituted questions on the "merits" of the crime.
The trial court correctly precluded appellant's specific questions. In Cobb v. State (1991), 81 Ohio App.3d 179, 183, the Ninth District Court of Appeals held that no case law required the judge to inquire into the specific testimony to be elicited from the child at trial. While Frazier requires that the trial judge determine whether a child can perceive, recollect, and truthfully relate events, a general inquiry is sufficient for the court to make that determination. See State v. McNeill (1998), 83 Ohio St.3d 438,443; see, also, State v. Kelly (1994), 93 Ohio App.3d 257,262-63.
The trial court allowed general questions so that it could determine A.T.'s competency. It disallowed specific questions about A.T.'s relationship with her mother and her emotional disposition toward appellant. The court's competency determination did not require A.T. to answer specific questions impacting the events surrounding the crime. The trial court could have properly found that appellant's questions, while material to his guilt, were not material to its determination of A.T.'s competency.
Next, appellant asserts that the trial court abused its discretion by finding A.T. to be a competent witness. We disagree. During questioning, the trial judge has the opportunity to observe the child's appearance, his or her manner of responding to the questions, general demeanor, and any indicia of ability to relate the facts accurately and truthfully. Frazier,61 Ohio St.3d at 251. The responsibility of the trial judge is to determine, through questioning, whether the young child is capable of receiving just impressions of facts and events and of accurately relating them. Id. Accordingly, the determination of competency is within the judge's sound discretion. Id.
Here, the trial court observed A.T. during extensive direct and cross-examination at the competency hearing. Although her behavior shows that the child was uncomfortable in court, A.T. displayed the intelligence necessary to observe and relate events that occurred more than one year in the past. A.T. explained that she had been in kindergarten the year before and knew who her teachers were. A.T. knew appellant and explained that he had lived with her and her mother in the house where the crime occurred.
A.T.'s testimony at the competency hearing also shows that she understood the concepts of truth and falsity and that she appreciated her responsibility to be truthful in court. A.T. repeatedly stated that it was not okay to tell a lie, and that it was good to tell the truth. She understood that she would be punished for telling a lie, either by going "to jail" or by sitting "time out." In addition, A.T. demonstrated that she understood the concept of a promise.
Taken in context, A.T.'s answers demonstrated her ability to receive and recollect accurate impressions and to relate events. They show that she understood the concept of truthfulness and her responsibility to be truthful in court. A.T. met all five factors of the Frazier test. Though appellant challenges numerous inconsistencies in A.T.'s testimony during the competency hearing, any such inconsistencies go to her credibility and not to her competency to testify. Cobb, 81 Ohio App.3d at 183. Given A.T.'s testimony, we cannot say that the trial judge, who actually observed the child, abused his discretion by finding her a competent witness. Accordingly, appellant's first assignment of error is overruled.
Assignment of Error No. 2:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT IN FAILING TO DISMISS ONE COUNT OF THE INDICTMENT AT THE CLOSE OF THE STATE'S EVIDENCE.
In his second assignment of error, appellant argues that the trial court improperly denied his Crim.R. 29 motion for acquittal on one count of rape because the state only introduced appellant's own statements, without an adequate corpus delicti, to support that rape charge.
Appellant did not specify, either in the trial court or in his appellate brief, whether Count I or Count II was the subject of his motion for acquittal.[1] Instead, at trial, appellant moved for acquittal on "one" of the two identical rape charges while at the same time admitting that sufficient evidence existed to overcome his motion on the other charge. However, regardless of the court to which appellant refers, his motion was properly overruled.
Curiously, appellant neglects to mention in his argument that the jury ultimately acquitted him of the rape charged in Count II of the indictment. Ordinarily, when reviewing the trial court's denial of a motion for acquittal under Crim.R. 29, this court applies the same test as it would in reviewing a challenge based upon on the sufficiency of the evidence to support a conviction.State v. Thompson (1998), 127 Ohio App.3d 511, 525, discretionary appeal denied (1998), 83 Ohio St.3d 1451. However, in this case the jury acquitted appellant of the second rape charge. Appellant may only prevail on appeal if he shows error and resulting prejudice. Bean v. Bean (1983), 14 Ohio App.3d 358, 362-63. Any error resulting from the trial court's denial of appellant's motion was harmless since the jury acquitted him of rape as charged in Count II.
Even assuming that appellant challenges the trial court's denial of his motion for acquittal on Count I, the state introduced an adequate corpus delicti to support the charge and to overcome appellant's motion for acquittal.[2] The amount of evidence needed to establish the corpus delicti is minimal. Statev. Van Hook (1988), 39 Ohio St.3d 256, 261-262, certiorari denied (1989), 489 U.S. 1100, 109 S.Ct. 1578. All that is needed is some evidence outside of the confession that tends to prove some material element of the crime charged. State v. Maranda (1916),94 Ohio St. 364, paragraph two of the syllabus. In proving thecorpus delicti, the state need not provide direct and positive proof that a crime was committed, but may instead rely on circumstantial evidence. State v. Nobles (1995), 106 Ohio App.3d 246,262.
The state provided some evidence tending to prove material elements of the charged crime so that corpus delicti was established. Count I charged appellant with rape as the result of engaging in sexual conduct with another who was not his spouse and who was less than thirteen years old. R.C. 2907.02(A)(1)(b). The evidence at trial established that A.T.'s birthday was September 14, 1991, making her six years old at the time of the offense, and that she was not appellant's spouse. Also, A.T. testified at trial that appellant put his finger in her vagina.
The trial court properly determined that there was some evidence outside of appellant's confession to prove the material elements of rape as charged in Count I of the indictment. Appellant's second assignment of error is overruled.
Judgment affirmed.
YOUNG and VALEN, JJ., concur.
[1] We direct appellant's counsel to Loc.R. 11(B)(3), which requires the assignments of error to "assert precisely the manner in which the trial court is alleged to have erred." (Emphasis added.)
[2] We note that the concept of corpus delicti is generally asserted to exclude a defendant's confession before the state has introduced additional evidence of the crime. See State v. Ledford
(Jan. 24, 2000), Warren App. No. CA99-05-014, unreported, at 7. Appellant did not, however, object to the admission of his statement on this ground, but only asserted the lack of corpusdelicti required acquittal.