OPINION
Defendant-appellant, Charlette Evans, appeals her conviction for telephone harassment and asserts that Fairfield Municipal Court erred in its rulings regarding her cross-examination of the complainant.
Appellant and Ronald Grindle were previously involved in a relationship that is now apparently acrimonious. Grindle filed a telephone harassment complaint against appellant on August 10, 2000, claiming that appellant had called him at home on July 1 and threatened to kill him or have her friends do so if he testified against her son in Juvenile Court. After a bench trial wherein Grindle was the state's only witness, appellant was found guilty of telephone harassment, in violation of Fairfield City Ordinance 537.10(A)(3). Appellant appeals her conviction and presents one assignment of error:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT WHEN IT PREVENTED COUNSEL FROM FULLY CROSS-EXAMINING THE STATE'S ONLY WITNESS.
Appellant argues that she should have been permitted to attack Grindle's credibility by inquiring into Grindle's criminal behavior, even in the absence of a conviction. Appellant argues that the trial court erred when it prohibited her from asking Grindle about charges pending against him that involved appellant in order to show Grindle's bias.
It is well-established that the trial court has wide latitude in imposing limits on the scope of cross-examination. State v. Cobb
(1991), 81 Ohio App.3d 179. When the trial court determines that certain evidence will be admitted or excluded from trial, the ruling will not be reversed unless there has been a clear and prejudicial abuse of discretion. See O'Brien v. Angley (1980), 63 Ohio St.2d 159, 163. The term abuse of discretion "connotes more than an error in law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,219.
Evid.R. 611(B) states: "Cross-examination shall be permitted on all relevant matters and matters affecting credibility."
Evid.R. 609 involves impeachment of a witness by evidence of a conviction of a crime. There were apparently no convictions involved in the instant case.
Evid.R. 616 states that bias, prejudice, interest, or any motive to misrepresent may be shown to impeach the witness either by examination of the witness or by extrinsic evidence. It is fundamental that the bias of a witness may be explored to test credibility. State v. Gavin (1977),51 Ohio App.2d 49, 53.
During the bench trial, appellant asked Grindle on cross-examination whether he was charged with domestic violence based upon the same incident in May in which appellant's son was charged and Grindle had testified as a witness. The prosecutor objected to the questions after they were answered and was successful in having the answers stricken by the trial court.
Appellant again asked Grindle if he was charged from the incident in May and, upon objection, her counsel argued that this evidence "goes to his bias at this point." The trial court stated, "You can ask about credibility and you can attack bias, but you're not going to inquire about pending charges." When appellant's counsel next asked whether Grindle was charged with telephone harassment "against Ms. Evans," the trial court again instructed appellant that she could "ask about convictions, you can't ask about charges."
Appellant was permitted to ask Grindle whether he had ever told appellant that if he went to jail he was going to take appellant with him. Grindle denied making the statement. Appellant provided the testimony of a witness who stated that he listened to a phone conversation in June in which Grindle made the statement about taking appellant to jail with him if he was going to jail. Appellant was also permitted to show that Grindle and appellant no longer "got along" and to confirm with Grindle that appellant had obtained a protective order against him.
Because the possible bias of a witness is always significant in assessing credibility, the trier of fact must be sufficiently informed of the underlying relationships, circumstances, and influences operating on the witness "so that, in the light of his experience, he can determine whether a mutation in testimony could reasonably be expected as a probable human reaction." State v. Williams (1988), 61 Ohio App.3d 594,597, citing 3 Weinstein, Evidence (1988), Section 607[03].
The Ohio Supreme Court has stated that the credibility of a witness may be attacked by inquiry into whether a witness in a criminal case is under indictment for a crime, if such fact would reasonably tend to show that his testimony might be influenced by interest, bias or a motive to testify falsely. State v. Hector (1969), 19 Ohio St.2d 167, 178
(pre-evidentiary rules). The Hector case and its progeny dealt with permitting proof of bias by showing that the witness may be "bartering" for the state's favor for a reduction in criminal charges or sentences. This case involves appellant's attempt to introduce evidence that Grindle may be testifying against her because appellant was involved in charges filed against him.
The trial court should have permitted appellant to cross-examine Grindle about his criminal charges related to appellant to explore his potential bias. However, not all error pertaining to limitations on cross-examination is reversible error. State v. Long (1978),53 Ohio St.2d 91, 97-98. For the reasons that follow, we find that the trial court's rulings were harmless error.
Appellant was able to introduce sufficient evidence that Grindle may have had other motives or self-interests in testifying against appellant. In addition to conveying the lack of geniality between the parties, appellant introduced evidence that appellant secured a civil protective order against Grindle, and that Grindle told appellant that he would "take" her to jail if he went to jail.
The trial court, as trier of fact, had sufficient evidence of potential bias on the part of Grindle, but apparently chose to believe Grindle's testimony regarding the telephone call and the threats made by appellant. The record demonstrated no material prejudice to appellant, and we cannot say that there was a clear and prejudicial abuse of discretion by the trial court. Appellant's assignment of error is overruled.
Judgment affirmed.
VALEN and WALSH, JJ., concur.