JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Jeffery Kurpik, appeals his conviction in the Cuyahoga County Court of Common Pleas for rape and gross sexual imposition. For the following reasons, we affirm the decision of the trial court.
{¶ 2} This case arose from allegations that defendant had sexual contact with his four-year-old niece while at the home of his brother, who was also the victim's father.
{¶ 3} At trial, the following facts were established: In April 2000, defendant renewed his relationship with his estranged brother Ron and his family. In late May or early June 2000, defendant went over to his brother's home. Ron left to go out at 7:00 p.m. and did not return. Suzanne, Ron's wife, left around 10:00 p.m. to look for Ron. She left defendant alone with the victim and her two other young children. She was gone for approximately 15 minutes and was unable to locate Ron. Ron did not return until the next morning. On the following evening around 11:00 p.m., the victim told her mother about the abuse after watching a couple kissing on television. One week later, while at her maternal grandparent's home, the victim disclosed the abuse to her grandparents.
{¶ 4} On June 8, 2000, Ron and Suzanne notified the Cleveland Police. The victim was interviewed by a Cleveland Sex Crimes detective as well as a social worker from the Cuyahoga County Department of Children and Family Services. When defendant was told that police had been informed of the victim's allegations, he fled to California. FBI agents arrested defendant and returned him to Cleveland nine to ten months later.
{¶ 5} On October 26, 2000, defendant was indicted on three counts of rape in violation of R.C. 2907.02 and three counts of gross sexual imposition in violation of R.C. 2907.05. Prior to trial, the trial court allowed the State and defendant to question the victim concerning her competency to testify, and also asked its own questions of her. At the conclusion of the questioning, the trial court found that the victim was competent to testify.
{¶ 6} On August 15, 2001, the jury found defendant guilty on all counts of rape in violation of R.C. 2907.02 and of gross sexual imposition in violation of R.C. 2907.05. Defendant made a motion for acquittal under Crim.R. 29(A), which the trial court denied. Defendant was sentenced to consecutive life sentences. Defendant now appeals, raising three assignments of error.
 I. {¶ 7} THE TRIAL COURT ERRED BY RULING THE CHILD-COMPLAINING WITNESS COMPETENT TO TESTIFY UNDER OHIO RULE OF EVIDENCE 601.
{¶ 8} In this assignment of error, defendant argues that the victim was not competent to testify under Evid.R. 601 and the factors set forth in State v. Frazier (1991), 61 Ohio St.3d 247. Defendant asserts that the victim's accusations are the product of repeated discussions with and questioning by adults, which could have triggered the child's "erasure" mechanism. Defendant argues that the victim was susceptible to pressures exerted by repeated demands to recount the story and to suggestibility. We disagree.
{¶ 9} Ohio Rule of Evidence 601(A) provides:
 {¶ 10} Every person is competent to be a witness except: (A) Those of unsound mind, and children under ten years of age, who appear incapable of receiving just impressions of the facts and transactions respecting which they are examined, or of relating them truly.
{¶ 11} The trial judge has a duty to conduct a voir dire examination of a child under ten years of age to determine the child's competency to testify. State v. Frazier (1991), 61 Ohio St.3d 247,250-51. In determining whether a child under ten is competent to testify, the trial court must take into consideration: (1) the child's ability to receive accurate impressions of fact or observe acts about which she will testify; (2) the child's ability to recollect those impressions or observations; (3) the child's ability to communicate what was observed; (4) the child's understanding of truth and falsity; and (5) the child's appreciation of her responsibility to be truthful. Id. at 251. The determination of competency is within the trial judge's sound discretion. Id. Absent a showing of an abuse of discretion, a reviewing court will not disturb the trial court's ruling. State v. Hogan (June 8, 1995), Cuyahoga App. No. 66956.
{¶ 12} During the competency examination, the trial court had the opportunity to observe the victim respond to questions on direct and cross-examination. The trial court also asked its own questions of her. At the conclusion of the questioning, the trial court found that she was competent. We do not find that the trial court abused its discretion by finding the victim competent to testify. She responded correctly when asked her age and birthday. She also recounted correctly Christmas presents she received the previous year.
{¶ 13} During examination by the trial judge, the victim responded that if she took a cookie from a cookie jar and told her mom that she did not take it then it would be a lie, but if she told her mom that she did take it then it would be the truth. She also responded that it was wrong to tell lies and promised the trial judge that she was going to tell the truth. Based on her testimony during the competency examination, we do not find that the trial court abused its discretion by finding her competent to testify under Evid.R. 601 and Frazier, supra.
{¶ 14} In support of its assertion that the victim was incompetent to testify, the defendant points to the fact that she had to tell her story ten different times and that each time, the story changed. More specifically, the defendant points to the fact that the victim testified that the abuse happened during the day, while her mother testified that the abuse happened in the evening. Also, the victim testified that her sister was the first person she told, whereas her mother testified she was the first person told. However, it is not the role of the trial judge to determine that everything a child will testify to is accurate, but whether the child has the intellectual capacity to accurately and truthfully recount events. State v. Allen (1990), 69 Ohio App.3d 366,374. Any inconsistencies between the victim's trial testimony and the testimony of other witness's relate to her credibility, not her competency. State v. Cobb (1991), 81 Ohio App.3d 179, 183. The victim's credibility was for the jury's consideration. State v. Allen (1990),69 Ohio App.3d 366, 374; State v. Chamberlain (July 25, 1991), Cuyahoga App. No. 58949. Accordingly, defendant's first assignment of error is overruled.
 II. {¶ 15} THE TRIAL COURT ERRED BY ALLOWING THE SOCIAL WORKER TO TESTIFY IN VIOLATION OF OHIO RULE OF EVIDENCE 802.
{¶ 16} In this assignment of error, defendant argues that the trial court erred in admitting statements made by the social worker in violation of Evid.R. 802. Defendant asserts that the record does not support the admission of the hearsay statements because defendant's attorney gave no grounds for objection and the court did not provide reasons for their admissions. We disagree.
{¶ 17} Ohio Rule of Evidence 803(4) provides the following exception to Evid.R. 802:
 {¶ 18} Statements made for the purpose of medical diagnosis or treatment and describing medical history, or past or present symptoms, pain, or sensations, or the inception or general character of the course of external source thereof insofar as reasonably pertinent to diagnosis or treatment.
{¶ 19} This Court has consistently held that a young rape victim's statements to social workers, clinical therapists and other medical personnel are admissible under Evid.R. 803(4). State v. Grider (Feb. 10, 2000), Cuyahoga App. No. 75720; State v. Hogan (June 8, 1995), Cuyahoga App. No. 66956; State v. Shepherd (July 1, 1993), Cuyahoga App. No. 62894; State v. Duke (Aug. 25, 1988), Cuyahoga App. No. 52604; State v.Cottrell (Feb. 19, 1987), Cuyahoga App. No. 51576; State v. Negolfka
(Nov. 19, 1987), Cuyahoga App. No. 52905.
{¶ 20} Here, Sally Weindorf, a social worker from the Cuyahoga County Department of Children and Family Services, interviewed the victim. Ms. Weindorf testified that the interview was conducted for purposes of treatment. Ms. Weindorf testified that she made recommendations for the victim to start psychotherapy for sexual abuse as well as obtain a medical examination by the family physician. The victim's mother testified that the victim will begin counseling at Laurelwood and that she was examined by the family physician upon Ms. Weindorf's recommendations.
{¶ 21} We do not find that the trial court erred in permitting the social worker to testify to statements made during her examination of the victim. The record clearly indicates that the statements made to the social worker were for treatment purposes, and thus fall within Evid.R. 803(4). Accordingly, defendant's second assignment of error is overruled.
 III. {¶ 22} APPELLANT WAS DENIED HIS RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL AS GUARANTEED BY THE SIXTH AMENDMENTS [SIC] OF THE UNITED STATES CONSTITUTION.
{¶ 23} In his third assignment of error, defendant argues that his trial counsel was deficient in various respects and that he was denied his constitutional right to effective assistance of counsel. We disagree.
{¶ 24} In order for this Court to reverse a conviction on the grounds of ineffective assistance of counsel, we must find that (1) counsel's performance was deficient and (2) that the deficient performance prejudiced the defense so as to deprive the defendant of a fair trial. Strickland v. Washington (1984), 466 U.S. 668, 687. Counsel's performance is deficient if it falls below an objective standard of reasonable representation. State v. Bradley (1989), 42 Ohio St.3d 136, paragraph two of the syllabus. To establish prejudice, "the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." Id. at paragraph three of the syllabus. Strategic or tactical decisions made by defense counsel which are well within the range of professionally reasonable judgment need not be analyzed by a reviewing court.Strickland, supra.
{¶ 25} Here, defendant argues that his trial counsel performed deficiently by failing to use an expert on the competency of child abuse victims and failing to introduce other adult influences on the child. We disagree. Decisions regarding the use of witnesses are tactical decisions and will not be second-guessed by this Court. See State v. Tibbets
(2001), 92 Ohio St.3d 146, 166; State v. Day (Feb. 21, 2001), Cuyahoga App. No. 79368. Moreover, defendant's assertion that expert testimony and a private investigator could have affected the jury's decision is mere speculation. Day, supra; State v. Kelly (July 12, 2001) Cuyahoga App. No. 78422. Finally, the competency of a child witness to testify is left to the sole discretion of the trial judge. Frazier, supra.
{¶ 26} Defendant's third assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES D. SWEENEY, P.J., and TERRENCE O'DONNELL, J., CONCUR.