This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, James Leon Vickers, III, appeals the decision of the Lorain County Court of Common Pleas, which found him guilty of two counts of gross sexual imposition. This Court affirms.
Appellant was charged with two counts of gross sexual imposition, one relating to his biological daughter Ashley Vickers, now Emma Hohman, and one relating to his biological son, James Vickers, now Evan Hohman.
On August 5, 1998, Mary Ann Price called the police after she observed the appellant with his hand in Emma's diaper on two separate occasions. Rachel Hohman, the victims' adoptive mother, contacted Children Services after Evan told her that appellant had touched his penis while he was trying to use the bathroom. This incident occurred while Children Services was attempting to reunite Evan with his mother.[1]
Appellant was indicted on two counts of gross sexual imposition with sexually violent predator specifications, violations of R.C. 2907.05(A)(4). Appellant chose to have the sexually violent predator specifications tried to the bench. The case proceeded to a jury trial on the two counts of gross sexual imposition. The trial court held that the State failed to prove the sexually violent predator specifications beyond a reasonable doubt. However, the court did adjudicate appellant a sexually oriented offender. The jury returned a verdict of guilty on both counts of gross sexual imposition. The court sentenced appellant to a prison term of five years on count 1 and a prison term of three years on count 2. Appellant was also sentenced to five years of post-release control.
Appellant timely appealed, asserting four assignments of error for review.
 FIRST ASSIGNMENT OF ERROR "THE EVIDENCE PRESENTED AT TRIAL WAS INSUFFICIENT AS A MATTER OF LAW TO SUPPORT APPELLANT'S CONVICTIONS FOR GROSS SEXUAL IMPOSITION."
Appellant has argued that the State presented insufficient evidence at trial regarding the charge of gross sexual imposition. Therefore, he has asserted that the trial court should have granted his Crim.R. 29 motion to dismiss these counts and that his conviction on these counts was based on insufficient evidence. This Court disagrees.
"The test for `insufficient evidence' requires the court to view the evidence in the light most favorable to the prosecution, and ask whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." State v. Leggett (Oct. 29, 1997), 9th Dist. No. 18303. This Court must determine, as a matter of law, whether the evidence was legally sufficient to support a conviction. Id. "In essence, sufficiency is a test of adequacy." State v. Thompkins (1997),78 Ohio St.3d 380, 386.
Crim.R. 29(A) provides that a trial court "shall order the entry of a judgment of acquittal * * * if the evidence is insufficient to sustain a conviction of such offense or offenses." A trial court may not grant an acquittal by authority of Crim.R. 29(A) if the record demonstrates that reasonable minds can reach different conclusions as to whether each material element of a crime has been proven beyond a reasonable doubt.State v. Wolfe (1988), 51 Ohio App.3d 215, 216. In making this determination, all evidence must be construed in a light most favorable to the prosecution. Id. Hence, essentially, assigning insufficiency of the evidence on appeal raises the same issues and implicates the same analysis as does assigning error to the trial court's denial of a Crim.R. 29 motion for acquittal. State v. Turner (Aug. 23, 2000), 9th Dist. No. 19751.
Appellant was convicted of two counts of gross sexual imposition, in violation of R.C. 2907.05(A)(4), which provides:
 "No person shall have sexual contact with another, not the spouse of the offender; cause another, not the spouse of the offender, to have sexual contact with the offender; * * * when any of the following applies:
 "The other person, or one of the other persons, is less than thirteen years of age, whether or not the offender knows the age of that person."
Sexual contact is defined of R.C. 2907.01(B) as:
 "any touching of an erogenous zone of another, including without limitation the thigh, genitals, buttock, pubic region, or, if the person is a female, a breast, for the purpose of sexually arousing or gratifying either person."
Appellant's only challenge to the sufficiency of the State's evidence is that it did not prove by sufficient evidence that he touched the children for the purpose of sexually arousing or gratifying either himself or the children. In State v. Uhler (1992), 80 Ohio App.3d 113,123, this Court recognized that criminal intent can never be proven by the direct testimony of third parties. Consequently, this Court held inState v. Cobb (1991), 81 Ohio App.3d 179, 185, that the existence of prurient motivations may be discerned from "the type, nature and circumstances of the contact, along with the personality of the defendant."
Concerning Emma, Price testified that she thought the appellant's touching was improper. She testified that based upon the movement of his hands, appellant could not have been changing the baby's diaper.
In regard to Evan, Evan testified that he was potty trained and that he could go to the bathroom by himself. He also testified that he knew the difference between a good touch and a bad touch, and that when appellant touched his penis it was a bad touch. Evan also testified that he told the appellant to stop.
Based upon this testimony, the jurors could logically infer beyond a reasonable doubt that appellant engaged in this conduct to sexually arouse or gratify himself.
Appellant's first assignment of error lacks merit.
 SECOND ASSIGNMENT OF ERROR "APPELLANT WAS DENIED HIS CONSTITUTIONAL RIGHTS OF DUE PROCESS AND ASSISTANCE OF EFFECTIVE COUNSEL AS GUARANTEED TO HIM BY THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND BY SECTIONS 10 AND 16 OF ARTICLE I OF THE CONSTITUTION OF THE STATE OF OHIO."
In his second assignment of error, appellant has argued that he was denied the effective assistance of counsel by his counsel's failure to object to testimony presented at trial that improperly commented on his right to remain silent. This Court disagrees.
Appellant specifically claims that counsel should have objected to Detective Mark Carpentiere's testimony regarding appellant's invocation of his right to remain silent.
"The failure to object to error, alone, is not enough to sustain a claim of ineffective assistance of counsel. To prevail on such a claim, a defendant must first show that there was a substantial violation of any of defense counsel's essential duties to his client and, second, that he was materially prejudiced by counsel's ineffectiveness." State v.Holloway (1988), 38 Ohio St.3d 239, 244, citing, State v. Lytle (1976),48 Ohio St.2d 391, 396-397, vacated in part on other grounds Lytle v.Ohio (1978), 438 U.S. 910, 57 L.Ed.2d 1154; Strickland v. Washington
(1984), 466 U.S. 668, 80 L.Ed.2d 674. Furthermore, it is not the role of the appellate court to second guess the strategic decisions of trial counsel. State v. Carter (1995), 72 Ohio St.3d 545, 558. The record does not reflect that the State was using the testimony of Detective Carpentiere to comment on appellant's decision to remain silent. Therefore, this Court cannot conclude that appellant's counsel violated any of his duties to appellant.
Given this Court's finding that appellant has failed to show that his trial counsel violated his duties owed him, we need not address whether appellant was prejudiced by his counsel's actions. Accordingly, appellant's claim of ineffective assistance of counsel is overruled.
 THIRD ASSIGNMENT OF ERROR "THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN DETERMINING THAT APPELLANT SHOULD BE CLASSIFIED AS A SEXUAL PREDATOR."
In his third assignment of error, appellant has argued that the trial court unlawfully classified him as a sexual predator. However, a review of the journal entry reveals that appellant was determined to be a sexually oriented offender.
This Court has previously noted that a court speaks only through its journal entries. State v. Ismail (Aug. 21, 1991), 9th Dist. No. 15007. Thus, the trial court judge's statement at the sexually violent predator specification hearing that he adjudicated appellant a sexual predator does not meet this rule. Id. The journal entry of the trial court dated June 25, 2001, states: "Defendant found to be a sexually oriented offender." Therefore, the trial court did not adjudicate appellant a sexual predator.
Appellant's third assignment of error is overruled.
 FOURTH ASSIGNMENT OF ERROR "THE TRIAL COURT VIOLATED CRIMINAL RULE 32(A)(1) BY NOT ADVISING APPELLANT OF HIS RIGHT TO ALLOCUTION PRIOR TO IMPOSING SENTENCE."
In his final assignment of error, appellant has argued that the trial court failed to advise him of his right of allocution prior to the imposition of sentence. This Court disagrees.
Crim.R. 32(A)(1) provides:
 "* * * At the time of imposing sentence, the court shall do all of the following:
 "Afford counsel an opportunity to speak on behalf of the defendant and address the defendant personally and ask if he or she wishes to make a statement in his or her own behalf or present any information in mitigation of punishment."
At the time of sentencing, the trial court stated: "Come now for sentencing. Do you have anything to say before the Court pronounces sentence?" At that point, appellant's counsel addressed the court. Appellant seems to be arguing that the trial court should have addressed him by name. However, nothing in Crim.R. 32 requires the trial court to call a defendant by name. Crim.R. 32(A)(1) requires the court to "address the defendant personally." It is clear from the record that the trial court was talking to appellant and not his attorney when he said: "Come now for sentencing. Do you have anything to say before the Court pronounces sentence?" The fact that appellant's counsel addressed the court on his behalf does not mean that the trial court did not afford him his right of allocution. The trial court did not err in construing appellant's silence during sentencing to mean that he did not have anything to say to the court.
Appellant's fourth assignment of error is overruled.
The judgment of the Lorain County Court of Common Pleas is affirmed.
SLABY, P.J., WHITMORE, J. CONCUR.
[1] Evan was originally placed in the Hohman's home in May of 1998, and remained there until October 29, 1998. Evan was returned to the Hohman's on November 19, 1998.