OPINION
{¶ 1} Defendant-appellant Nathaniel Serge Myricks appeals the May 9, 2002 Judgment Entry of the Stark County Court of Common Pleas which sentenced him on one count of gross sexual imposition. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE CASE AND FACTS {¶ 2} On August 21, 2000, the Stark County Grand Jury indicted appellant with one count of gross sexual imposition. Appellant plead not guilty at his December 21, 2001 arraignment. The matter proceeded to trial on April 29, 2002. The following evidence was adduced.
 {¶ 3} On January 8, 2000, six-year-old Calea Moody, told her mother, Stacey Lightfoot, she had an accident in her pants. When Lightfoot found a vaginal discharge, she took Calea to the doctor. The doctor diagnosed Calea with a yeast infection and prescribed medication. When the discharge did not clear up, Lightfoot took her daughter back to the doctor. Further testing revealed Calea had been infected with gonorrhea.
 {¶ 4} Lightfoot also submitted to testing and found she also had gonorrhea. Lightfoot testified that at a routine annual exam in November, 1999, she was tested for gonorrhea. This test was negative. On cross-examination, Lightfoot admitted she sought treatment for a heavy white vaginal discharge, but could not state with certainty when such treatment occurred. Lightfoot testified she had a sexual relationship with appellant between November 1999, and January, 2000. Further, after a New Year's Eve celebration, she left appellant alone with her children while she took the babysitter home.
 {¶ 5} Kelly Murphy of Northeast Ohio Psychological Associates performed a psychological evaluation of Calea. During a number of interviews, Calea indicated appellant had not touched her, but later stated he had. During the sixth interview, Calea completely recanted her previous statement appellant had touched her in a sexual manner. Approximately one month before trial, Calea told her mother appellant had touched her in a sexual manner and had threatened her.
 {¶ 6} Det. Bobby Grizzard of the Massillon Police Department conducted an investigation. Det. Grizzard spoke with appellant and asked if he would agree to be tested for gonorrhea. After initially indicating he would take the test, appellant refused. Ultimately, appellant took the test on January 24, 2000. The test indicated appellant had gonorrhea.
 {¶ 7} Five people, other than immediate family, had access to Calea prior to the test. Three female babysitters, Calea's grandfather, and appellant who had been dating Calea's mother at the time.
 {¶ 8} At trial, Calea testified appellant put his hand down her underwear while she was in the bathroom and fondled her vaginal area. Appellant threatened to kill Calea if she told anyone what he had done to her. Calea did not immediately disclose this behavior.
 {¶ 9} Calea's younger sister, Macole, also testified. Macole told the jury she was standing outside the bathroom and heard appellant order Calea to pull her pants down. She also heard appellant threaten her older sister that he would kill her if she told anyone.
 {¶ 10} Appellant did not testify or present evidence at trial.
 {¶ 11} After hearing this evidence, the jury found appellant guilty of gross sexual imposition. The matter proceeded to a sentencing hearing on May 9, 2002. In a May 9, 2002 Judgment Entry, the trial court imposed a two year prison term, and found appellant to be a sexually oriented offender. It is from this judgment entry appellant prosecutes his appeal, assigning the following error for our review:
 {¶ 12} "I. The appellant's conviction for gross sexual imposition was against the manifest weight of the evidence."
 I. {¶ 13} In appellant's sole assignment of error, he maintains his conviction was against the manifest weight of the evidence. We disagree.
 {¶ 14} On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine "whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed. The discretionary power to grant a new hearing should be exercised only in the exceptional case in which the evidence weighs heavily against the judgment. State v. Thompkins,78 Ohio St.3d 380, 387, 1997-Ohio-52, 678 N.E.2d 541 citing State v.Martin (1983), 20 Ohio App.3d 172, 175, 485 N.E.2d 717. Because the trier of fact is in a better position to observe the witnesses' demeanor and weigh their credibility, the weight of the evidence and the credibility of the witnesses are primarily for the trier of fact. State v. DeHass
(1967), 10 Ohio St.2d 230, syllabus 1, 227 N.E.2d 212.
 {¶ 15} Appellant was convicted of gross sexual imposition, in violation of R.C. 2907.05(A)(4). The statute states, in relevant part:
 {¶ 16} "(A) No person shall have sexual contact with another, not the spouse of the offender; cause another, not the spouse of the offender, to have sexual contact with the offender * * * when * * *
 {¶ 17} "* * *
 {¶ 18} "(4) The other person, or one of the other persons, is less than thirteen years of age, whether or not the offender knows the age of that person."
 {¶ 19} Sexual contact is defined in R.C. 2907.01(B) as "any touching of an erogenous zone of another, including without limitation the thigh, genitals, buttock, pubic region, or, if the person is a female, a breast, for the purpose of sexually arousing or gratifying either person."
 {¶ 20} There is no requirement that there be direct testimony regarding sexual arousal or gratification. State v. Astley (1987),36 Ohio App.3d 247, 523 N.E.2d 322; State v. Cobb (1991),81 Ohio App.3d 179, 610 N.E.2d 1009; In Re Anderson (1996),116 Ohio App.3d 441, 688 N.E.2d 545; State v. Brady (July 9, 2001), Stark App. No. 2000CA00223, 2001 WL 815574. In the absence of direct testimony regarding sexual arousal or gratification, the trier of fact may infer appellant was motivated by desires for sexual arousement or gratification from the "type, nature and circumstances of the contact, along with the personality of the defendant." State v. Cobb (1991),81 Ohio App.3d at 185; State v. Brady, supra (citing Cobb).
 {¶ 21} Appellant argues the testimony of Ms. Lightfoot and her daughters was simply not believable in light of numerous inconsistencies. Appellant argues Lightfoot could not pin down the time she visited the doctor for a heavy vaginal discharge, even though she also testified a routine exam in November of 1999, included a negative gonorrhea test. Appellant also contends Lightfoot gave inconsistent statements about the first time she told anyone about Calea being alone with appellant on January 1, 2000. Appellant also argues Lightfoot's testimony was inconsistent with Calea's testimony in that Lightfoot testified Calea told her appellant had touched her inappropriately approximately a month to two months before the trial, whereas Calea testified she told her mother about the touching the same day it happened. After reviewing the transcript, we agree with appellant there are a number of inconsistencies in Calea's testimony and between the testimony of Calea, Macole and Lightfoot.
 {¶ 22} However, Calea told the jury appellant touched her inappropriately in her vaginal area and testified appellant threatened to kill her if she revealed this fact to anyone. While there were inconsistencies with the time and place of this declaration, this general testimony was supported by the testimony of Macole who told the jury she heard appellant tell Calea to pull down her pants and then threatened to kill Calea if she told anyone about what he had done.
 {¶ 23} The jury occupies a superior position in determining the credibility of the witnesses. They could hear and see, as well as observe the body language, evaluate voice inflections, observe hand gestures, perceive the interplay between the witnesses and examiner, and watch the witnesses' reactions. Therefore we generally accord significant deference to the credibility determinations made by the jury.
 {¶ 24} There was sufficient evidence, if believed, from which the jury could determine appellant had committed gross sexual imposition. Essentially, the question before the jury was whether Calea and her sister were being truthful. Even after excellent cross-examination, we can see no clear record demonstration the girls were untruthful. Accordingly, because the jury was in the best position to judge the credibility of the girls, we find appellant's conviction was not against the manifest weight of the evidence.
 {¶ 25} Appellant's sole assignment of error is overruled.
 {¶ 26} The May 9, 2002 Judgment Entry of the Stark County Court of Common Pleas is affirmed.
By: Hoffman, J., Gwin, P.J. and Wise, J. concur.
topic: conviction for GSI not against the manifest weight.