[Cite as *State v. Brown*, 2013-Ohio-5854.]

COURT OF APPEALS
COSHOCTON COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. Sheila G. Farmer, J |
| | : | Hon. John W. Wise, J. |
| -vs- | : | |
| | : | |
| DAVID BROWN | : | Case No. 2013CA008 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:        Appeal from the Municipal Court,
                                Case No. CRB 1200633


JUDGMENT:                       Affirmed


DATE OF JUDGMENT:               December 20, 2013


APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant

CHRISTIE M. L. THORNSLEY              JEFFREY G. KELLOGG
760 Chestnut Street                   239 North 4th Street
Coshocton, OH  43812                  Coshocton, OH  43812

*Farmer, J.*

{¶1} On October 21, 2012, appellant, David Brown, was charged with two counts of sexual imposition in violation of R.C. 2907.06(A)(1). Said charges arose from allegations that appellant touched the breasts of two different women in a public establishment.

{¶2} A bench trial commenced on January 23, 2013. Appellant was found guilty as charged. By judgment entry filed February 25, 2013, the trial court sentenced appellant to thirty days on each count, to be served consecutively, suspended in lieu of specific conditions. The trial court designated appellant as a Tier I sex offender.

{¶3} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:

I

{¶4} "THE TRIAL COURT ERRED BY CONVICTING THE APPELLANT DAVID BROWN ON INSUFFICIENT EVIDENCE."

I

{¶5} Appellant claims his conviction was against the sufficiency of the evidence. We disagree.

{¶6} On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. *State v. Jenks,* 61 Ohio St.3d 259 (1991). "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Jenks* at paragraph two of the syllabus, following *Jackson v. Virginia,* 443 U.S. 307 (1979). We

note the weight to be given to the evidence and the credibility of the witnesses are issues for the trier of fact. *State v. Jamison,* 49 Ohio St.3d 182 (1990). The trier of fact "has the best opportunity to view the demeanor, attitude, and credibility of each witness, something that does not translate well on the written page." *Davis v. Flickinger,* 77 Ohio St.3d 415, 418, 1997-Ohio-260.

{¶7} Appellant was convicted of two counts of sexual imposition in violation of R.C. 2907.06(A)(1) which states the following:

> (A) No person shall have sexual contact with another, not the spouse of the offender; cause another, not the spouse of the offender, to have sexual contact with the offender; or cause two or more other persons to have sexual contact when any of the following applies:
>
> (1) The offender knows that the sexual contact is offensive to the other person, or one of the other persons, or is reckless in that regard.

{¶8} "Sexual contact" is defined in R.C. 2907.01(B) as: "any touching of an erogenous zone of another, including without limitation the thigh, genitals, buttock, pubic region, or, if the person is a female, a breast, for the purpose of sexually arousing or gratifying either person."

{¶9} Appellant argues there was no evidence that he touched either woman "for the purpose of sexually arousing or gratifying either person." As explained by our brethren from the Twelfth District in *In Re: A.L.,* 12th Dist. Butler No. CA2005-12-520, 2006-Ohio-4329, ¶ 19-20:

In determining whether sexual contact occurred, "the proper method is to permit the trier of fact to infer from the evidence presented at trial whether the purpose of the defendant was sexual arousal or gratification by his contact with those areas of the body described in R.C. 2907.01." *State v. Cobb* (1991), 81 Ohio App.3d 179, 185. "While the purpose of sexual arousal or gratification is an essential element of the offense of gross sexual imposition, there is no requirement that there be direct testimony regarding sexual arousal or gratification." *State v. Meredith,* Warren App. No. CA2004-06-062, 2005-Ohio-062, ¶ 13, citing, among others, *In re Anderson,* 116 Ohio App.3d at 443.

Whether the touching or contact was performed for the purpose of sexual arousal or gratification is a question of fact to be inferred from the type, nature, and circumstances of the contact. *Merideth,* citing *Anderson* at 443-444, and *State v. Mundy* (1994), 99 Ohio App.3d 275, 289. In determining the defendant's purpose, the trier of fact may infer what the defendant's motivation was in making physical contact with the victim. *Meredith,* citing *Mundy* and *Cobb.* "If the trier of fact determines that the defendant was motivated by desires of sexual arousal or gratification, and that the contact occurred, then the trier of fact may conclude that the object of the defendant's motivation was achieved." *Cobb,* 81 Ohio App.3d at 185.

{¶10} Geanna Starr testified she was at Alpha Bits & Bytes when appellant came in. T. at 23. She did not know him. *Id.* Appellant approached Ms. Starr, put his arm around her, and squeezed her left breast. T. at 24, 26, 29. The business owner, Adrian Padilla, and his employee, Faith Murphy, corroborated this testimony. T. at 17-18, 29. Mr. Padilla testified he smacked appellant's hand and told him to keep his "f'ing hands off my customers." T. at 6, 9, 19. Ms. Starr "kind of opened up her eyes and she said like kind of a gasp." T. at 9. She testified she was shocked by appellant's actions. T. at 26. Appellant did not apologize or say anything to Ms. Starr. T. at 24-25.

{¶11} Thereafter, appellant and Mr. Padilla went outside to talk. T. at 20. Ms. Murphy came outside. T. at 6, 29. She did not know appellant. T. at 32. Appellant performed a "Full Nelson/Half Nelson/Poke Nelson" joke on Ms. Murphy, whereupon he placed Ms. Murphy in wrestling holds and then thrust behind her for the "Poke Nelson." T. at 6, 20-21. Ms. Murphy broke away and went inside. T. at 6-7, 12, 21. Mr. Padilla again told appellant to keep his hands off of his customers. T. at 7.

{¶12} After appellant reentered the establishment, he approached Ms. Murphy and placed his hand down her shirt and touched her breast without her permission. T. at 30-31. Mr. Padilla and Ms. Starr corroborated this testimony. T. at 7, 14, 22, 25. Ms. Murphy grabbed appellant's arm, pulled it out of her shirt, and yelled at him. T. at 30. She testified the contact was offensive. *Id.*

{¶13} Appellant testified he put his arm around Ms. Starr and then "realized that it was not who I thought it was." T. at 39. He stated he apologized to her. *Id.* Appellant stated he "did not grab that lady's boob." T. at 55. He stated he merely

placed his hand on her shoulder, "not anyplace inappropriate in any way, shape, form or fashion." T. at 40.

{¶14} After appellant and Mr. Padilla went outside to talk, Ms. Murphy appeared and appellant performed the wrestling joke on her. T. at 42. Appellant testified he and Mr. Padilla were laughing and joking, and Mr. Padilla told appellant not to touch his customer's "like that." *Id.*

{¶15} After appellant reentered the establishment, he placed his hand on Ms. Murphy's shoulder. *Id.* Appellant denied having his hand down her shirt. T. at 43.

{¶16} Appellant explained he was a "touchy person." T. at 50. He likes to hug people, shake hands, and pat people on the back. *Id.* Mr. Padilla described appellant as a "very flirtatious person" who thinks flirtation is a "physical touch." T. at 16.

{¶17} All of the events occurred within a twenty minute period. T. at 19. Mr. Padilla testified he and appellant were friends and he did not have any "ax to grind" with appellant. T. at 7.

{¶18} Based upon the testimony, there was sufficient evidence to establish that appellant touched the women's breasts, an erogenous zone as defined in R.C. 2907.01(B). The gravamen of this case is whether appellant knew the sexual contact was offensive or was reckless in that regard, and whether the sexual contact was for the purpose of sexual arousal or gratification.

{¶19} After appellant touched Ms. Starr's breast, his hand was smacked away and he was told not to touch customers in such a manner. Thereafter, appellant touched Ms. Murphy's breast, and Ms. Murphy grabbed his arm and yelled at him. Neither woman knew appellant. It can certainly be presumed that it would be offensive

to a woman to be touched on the breast by a stranger.  In fact, Ms. Starr testified she was shocked and Ms. Murphy testified the touching was offensive.

{¶20}  The women did not know appellant nor encouraged his behavior.  The trial court acknowledged appellant's testimony regarding his "touchy" nature and his desire to "shake hands," but noted one does not go up to a woman and "shake their breast." T. at 60.  The trial court concluded there could be no purpose for appellant's actions other than sexual gratification.  *Id.*  As stated above, the trial court was permitted to infer the purpose of the touching.

{¶21}  Upon review, we find sufficient credible evidence to find appellant guilty of the two counts of sexual imposition.

{¶22}  The sole assignment of error is denied.

{¶23}   The judgment of the Municipal Court of Coshocton County, Ohio is hereby affirmed.

By Farmer, J.

Gwin, P.J. and

Wise, J. concur.


SGF/sg 11/26